PER CURIAM.
Plaving considered the petition of Johnnie Allen, an inmate of the state penitentiary (Reg. No. E-002340), for a writ of habeas corpus, the same must be and it is hereby denied on the authority of State ex rel. Wilson v. Culver (Fla.1959), 110 So.2d 674.
It appears that the petitioner was convicted of the offense of escape, as denounced by § 944.40, Florida Statutes, F.S. A. The escape occurred while he was serving a sentence imposed pursuant to a conviction of assault with intent to commit murder, which conviction was reversed by this court on November 29, 1960. Allen v. State (Fla.App.1960), 124 So.2d 741. The contention of the applicant is that since he was serving an illegal sentence at the time he committed the offense of escape, he is entitled to credit against the sentence imposed for the length of time he served under the unlawful conviction. The answer to that is that appeal rather than arbitrarily escaping lawful detention is the legal avenue for relief.
We recognize, of course, that the circumstances in which the applicant finds himself may present equitable considerations to the Florida Parole Commission or to the Pardon Board, which agencies have special powers over matters of this kind. Those powers, however, are not enjoyed by *641 the courts. As stated by the above cited case:
“ * * * under our statute the crime of escape is a substantive offense, and the punishment therefor is not merely incidental to the punishment for the offense for which the prisoner was confined at the time of his escape. Even though the indictment under which he was confined .at the time of his escape is subsequently dismissed * * * or the conviction under which he was confined at the time of his escape is subsequently reversed or set aside on appeal * * * the prisoner must nevertheless bear the penalty for the separate and distinct offense of escape.”
Petition denied.
CARROLL, DONALD K., Chief Judge, and STURGIS and WIGGINTON, JJ., concur.