162 So.2d 663 (1964)
Morris MONTFORD, Jr., Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 32995.
Supreme Court of Florida.
April 8, 1964.
Morris Montford, Jr., in pro. per.
James W. Kynes, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for respondent.
CALDWELL, Justice.
Morris Montford has petitioned this court for writ of habeas corpus alleging he is entitled to credit for time served under *664 void 15-year sentence for armed robbery which credit, when applied to the 12-year sentence for robbery[1] he is presently serving, will warrant his release. We issued the writ and respondent has filed his return admitting the facts, as alleged by petitioner, that on December 19, 1950, petitioner received two 15-year sentences to run concurrently; that on July 31, 1961, he received a 12-year sentence to run concurrently with the former 15-year sentences and that in September of 1963 the two 15-year sentences were declared null and void.
Respondent contends: (1) the 12-year sentence cannot be considered as commenced prior to its reception; and (2) no credit can be allowed because the 15-year sentences and the 12-year sentence are for unrelated offenses and the situation is thus distinguishable from cases where credit is given upon reconviction and resentencing for the same crime. We must agree with respondent's contentions.
The void and valid judgments were for different and wholly unrelated offenses. Time served under the first sentence is not, therefore, to be credited against the other. In Re Allen, 140 So.2d 640 (Fla.App.1st 1962).
Petitioner cannot have commenced serving his 12-year sentence prior to its imposition on July 31, 1961. Time he served prior to that date on the void sentence will not go to reduce the time he must serve under his present sentence. We find nothing in Vellucci v. Cochran, 138 So.2d 510 (Fla. 1963) to the contrary.[2]
Petitioner has also alleged in subsequent correspondence with this court that he was not represented by counsel at the time of his 1961 conviction for robbery. Our disposition of the petition herein is expressly without prejudice to any rights petitioner may have to proceed under Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. See Gideon v. Wainwright, 153 So.2d 299 (Fla. 1963).
For the reasons above-stated, the writ of habeas corpus heretofore issued is discharged, the cause dismissed, and the petitioner remanded to the custody of the respondent.
It is so ordered.
DREW, C.J., and THOMAS, ROBERTS and THORNAL, JJ., concur.
NOTES
[1] This crime was committed while petitioner was on parole from his prior 15-year sentences.
[2] In the Vellucci case this court restated the rule announced in Helton v. Mayo, 153 Fla. 616, 15 So.2d 416 (1943) that, where second sentence is to "run from the expiration of the first judgment" and the first judgment is void, the second judgment is construed to run as if the quoted words had not been included.