**Jimmy Ray DORROUGH, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–14980.**

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1969.

Jimmy Ray Dorrough, pro se.

G. T. Blankenship, Atty. Gen., Charles Owens, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding in which Jimmy Ray Dorrough has petitioned this court for a writ of habeas corpus. Petitioner is presently incarcerated in the Oklahoma State Penitentiary under the authority of the judgment and sentence rendered in the District Court of Washita County, Oklahoma, imposed on February 17, 1967, wherein Petitioner was sentenced to two years imprisonment for the crime of burglary in the second degree. Petitioner alleges, and it is true, that he was previously convicted in the District Court of Custer

County for the crime of grand larceny and received a sentence of ten years. He appealed that judgment and sentence and in the meantime commenced serving said sentence pending his appeal. Petitioner was received at the penitentiary on November 17, 1966, to begin serving the ten year sentence from Custer County and was assigned as prisoner number 74573. On July 3, 1968, this court issued an opinion reversing Petitioner's conviction in Custer County, with instructions to dismiss the same and on July 21, 1968, with the petition for re-hearing denied, the mandate was issued. Dorrough v. State, Okl.Cr.App., 443 P.2d 455.

It is essentially Petitioner's contention that he is entitled to credit for time served on the void Custer County sentence to satisfy the two year Washita County sentence and that he would have satisfied the two year Washita County sentence on March 24, 1968. As his authority Petitioner relies on the case of Application of Roberson, Okl.Cr.App., 400 P.2d 459. However, in the Roberson case after this court had reversed and remanded a conviction for a new trial, the Petitioner was re-tried, sentenced and returned to the Penitentiary for the same offense. In the Roberson case it was held:

" * * * this court determines that the first trial of this petitioner, Case No. 18379, and the second trial, Case No. 19332, are identical; that the second trial resulted when the first trial was reversed and remanded to the district court of Tulsa County for a new trial; that the petitioner is entitled to receive, as time credit toward the fulfillment of the sentence imposed in Case No. 19332, one year, three months and nine days he served as an inmate of the State Penitentiary under Case No. 18379."

█ It is true that Oklahoma has a statute, 57 O.S.Supp.1968, § 138, which allows the jail time served prior to a convict's transfer to the penitentiary as a deduction from his term of imprisonment under appropriate circumstances. However,

this statute is clearly distinguishable from the present situation and offers no authority in support of Petitioner's proposition. New York has a similar statute to 57 O.S.Supp.1968, § 138, and in a case similar to the instant case held that:

" * * * under statute allowing convicted person credit for time spent in prison or jail prior to his conviction and before sentence, a convicted person is not entitled to credit for time served under a prior conviction, which is subsequently set aside . * * *"

People v. Kowalsky, 2 N.Y.2d 949, 162 N.Y.S.2d 355, 142 N.E.2d 421.

In Montford v. Wainwright, 162 So.2d 663 (1965 Florida), the court denied credit on a subsequently imposed sentence for time served by a defendant on a previous sentence which was set aside holding that:

" * * * no credit can be allowed because the 15-year sentences and the 12-year sentence are for unrelated offenses and the situation is thus distinguishable from cases where credit is given upon reconviction and resentencing for the same crime."

█ In the instant situation it is apparent that Petitioner's subsequently imposed sentence from Washita County is for an offense unrelated to the Custer County conviction, and we must therefore follow the rule adopted in other jurisdictions as stated in State v. Rhodes, 77 N.M. 536, 425 P.2d 47:

"Time served by defendant under a void conviction and sentence will not be credited upon another sentence imposed upon defendant under a conviction for a different offense."

Also see Taylor v. Wainwright, 170 So.2d 843 (Florida 1965); People ex rel. Nataluk v. Denno, Sup., 227 N.Y.S.2d 288; People v. Gifford, 8 A.D.2d 909, 186 N.Y.S.2d 874; 24B C.J.S. Criminal Law § 1995(4).

For the foregoing reasons the petition for writ of habeas corpus is hereby denied. However, this court's order reversing Petitioner's Custer County conviction with in-

structions that the same be dismissed became effective on July 31, 1968, when the mandate was issued. Accordingly, the records of the penitentiary should reflect that Petitioner began serving his Washita County two year sentence on July 31, 1968.

It is so ordered. Writ denied with instructions.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.