James Frederick **EVANS**, Petitioner,

v.

Ray H. **PAGE**, Warden, Oklahoma State Penitentiary, and State of Oklahoma, Respondents.

No. A–15788.

Court of Criminal Appeals of Oklahoma.

Feb. 11, 1970.

James Frederick Evans, pro se.

G. T. Blankenship, Atty. Gen., for respondents.

## MEMORANDUM OPINION

### PER CURIAM:

This is an original proceeding in which James Frederick Evans, pro se, has petitioned for a Writ of Habeas Corpus seeking immediate release from the State Penitentiary alleging that he has satisfied any valid judgment and sentence imposed against him.

The records of the District Court of Tulsa County, Oklahoma, indicate that judgment and sentence was imposed on June 17, 1968, on petitioner's plea of guilty to the charge of Uttering a Forged Instrument, Case No. 22911, sentencing petitioner to two years imprisonment with the sentence suspended.

Subsequently, petitioner was charged with Possession of Narcotic Drugs After Former Conviction of A Felony, Case No. 23552, in the District Court of Tulsa County, to which he entered a plea of guilty on November 15, 1968, and was sentenced on December 4, 1968, to five years imprisonment. Petitioner was received at the penitentiary on January 5, 1969, under this judgment and sentence.

Thereafter, on January 28, 1969, petitioner was returned to Tulsa County on application of the District Attorney to revoke the suspended sentence in the forgery case, No. 22911, said application being filed January 20, 1969. Petitioner remained confined in the county jail pending the outcome of this application, which was decided on February 10, 1969, with the order of the district court revoking the suspended sentence and directing petitioner's immediate return to the penitentiary where he was received on February 15, 1969.

On May 5, 1969, petitioner was again returned from the penitentiary to Tulsa County by order of the district court for further proceedings in the narcotics case, No. 23552. Petitioner appeared in court on May 6, 1969, and was appointed counsel with the proceedings continued until June 2, 1969, at which time the court sustained petitioner's motion to withdraw the plea of guilty. Thereafter, on June 12, 1969, petitioner entered a plea of not guilty with the matter continued until September 9, 1969, when the district court sustained petitioner's motion to suppress, and ordered Case No. 23552 dismissed and petitioner discharged under that charge with the directive that petitioner be returned to the penitentiary on another sentence.

Petitioner was returned to the penitentiary on September 26, 1969, but booked in under the commitment for Case No. 23552. Petitioner then filed for a Writ of Habeas Corpus in the District Court of Pittsburg County, Case No. C–69–319, attacking the legality of such confinement. Said court on November 14, 1969, directed the penitentiary to rebook petitioner under the judgment and two-year sentence in the forgery case, No. 22911 (since the sentence in Case No. 23552 was a nullity) with the

sentence under Case No. 22911 starting February 10, 1969, being the date on which the suspended sentence was revoked. The penitentiary records have been corrected to reflect this order.

Nevertheless, petitioner has filed this action claiming that he has satisfied the two-year sentence in the forgery case, No. 22911, and should be released if given credit for time confined in the county jail beginning August 17, 1968, when he was arrested on the narcotic charge in Case No. 23552. It is apparently petitioner's contention that he should be credited with all time confined in the county jail and the penitentiary under both case numbers, 23552 and 22911. We cannot agree, as there is no foundation in the law for such relief.

■ The applicable rule of this court was announced in Dorrough v. Page, Okl. Cr., 450 P.2d 520 (1969):

"Time served by a defendant under a void judgment and sentence will not be credited upon another sentence imposed upon defendant under a judgment and sentence for an entirely different offense." 450 P.2d at 520.

This same rule has been applied in other jurisdictions and we are unaware of any contrary superceding decision or constitutional prohibition. See: People v. Kowalsky, 2 N.Y.2d 949, 162 N.Y.S.2d 355, 142 N.E.2d 421; Montford v. Wainwright, 162 So.2d 663 (Florida 1964); State v. Rhodes, 77 N.M. 536, 425 P.2d 47; 24 B C.J.S. Criminal Law § 1995(4). Thus, petitioner cannot credit time served under the narcotics case, No. 23552, toward satisfaction of the sentence in the forgery case, No. 22911.

■ Furthermore, it is the law of this state that a penitentiary inmate serving his first term of imprisonment is entitled to the time confined in jail by virtue of said charge before being received at the penitentiary. Title 57 O.S.Supp.1969, § 138. Since the conviction in Case No. 23552 is a nullity, petitioner is serving his first term of imprisonment in Case No. 22911 and would be entitled to all time served in jail by virtue of the forgery case, No. 22911. Thus, petitioner is entitled to credit from January 28, 1969, to February 15, 1969, while confined in the jail on proceedings to revoke the suspended sentence in Case No. 22911. Petitioner is not entitled to credit for time in the county jail from May 5, 1969, to September 9, 1969, as such confinement was under proceedings in Case No. 23552. But he is entitled to jail time from September 9, 1969, when Case No. 23552 was dismissed, to September 26, 1969, when he was returned to the penitentiary, as he was being held in the jail during this time by virtue of Case No. 22911.

Accordingly, the Court holds that the only valid order of commitment to the penitentiary was in Case No. 22911 as of February 10, 1969, when the suspended sentence was revoked. All time served in the custody of the Department of Corrections since February 10, 1969, including deductions allowed by 57 O.S.Supp.1969, § 138, is to be credited toward satisfaction of the two-year sentence in the forgery conviction, Case No. 22911. In addition, petitioner is entitled to credit for the time spent in the county jail from January 28, 1969, until February 15, 1969, and the time from September 9, 1969, until September 26, 1969, since this confinement was by virtue of the district court proceedings in Case No. 22911 and not chargeable to Case No. 23552. When petitioner has served two years imprisonment starting on February 10, 1969, and allowing statutory credits earned since that date, less jail time set out herein, he shall be released as satisfying the judgment and sentence in Case No. 22911. It not appearing from the facts now before the Court that petitioner has served said term, the request for immediate release is denied at this time.

It is so ordered.