John William LAMB, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.

No. A–15712.

Court of Criminal Appeals of Oklahoma.

March 3, 1971.

Fred Gilbert, for Tulsa County Public Defender, Tulsa, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

This is an original proceeding in which petitioner, John William Lamb, filed his petition for Writ of Habeas Corpus seeking issuance of the Writ of Habeas Corpus. Petitioner challenges the judgment and sentence imposed on him in the District Court of Okmulgee County, Oklahoma, on November 18, 1960, in that court's case No. 4737. Petitioner asserts he was denied counsel when he entered his plea of guilty and was given a suspended sentence.

Petitioner was charged with two other men with the crime of Second Degree Burglary; he entered a plea of guilty and was given a two-year suspended sentence. Later the County Attorney for Okmulgee County filed an Application for Revocation, which recited:

"That said defendant has violated the terms of his suspended sentence in that on the 17th day of July, 1961, he was found in the City of Okmulgee, Oklahoma, highly intoxicated. That said defendant did, on the 17th day of July, 1961, steal oilfield casing from the Mohawk Petroleum Company, in Okmulgee County, Oklahoma, of the total amount of over twenty ($20.00) dollars, subjecting him to the charge of Grand Larceny."

On the 18th day of July, 1961, a hearing was had on the Application when petitioner's suspended sentence was revoked, and he was delivered to the Oklahoma State Penitentiary to serve his sentence.

On November 13, 1970, this Court ordered an evidentiary hearing be held by the Honorable District Court to ascertain the validity of the allegations contained in the petition filed in this matter; and to make findings of fact with reference to the following questions:

(1) Was petitioner's conviction, premised on his plea of guilty, valid?

(2) Were all of petitioner's constitutional rights properly explained to him at the time his said plea was entered, and at the time judgment and sentence was imposed.

(3) Was petitioner an indigent person at the time of his trial, and were his rights to court appointed counsel— in the absence of retained counsel— properly explained to him?

(4) Was his waiver of counsel, at the time his guilty plea was entered, knowingly and intelligently entered; and was his right to trial by jury properly explained to him prior to the trial court's acceptance of petitioner's plea of guilty?

The District Court conducted the evidentiary hearing on December 7, 1970, after which the Honorable John Maley rendered the following findings of fact, which are adopted by this Court:

(1) Petitioner's constitutional rights were not properly explained to him at the time he entered his plea of guilty, and when judgment and sentence was imposed.

(2) That petitioner was an indigent person at the time of his trial.

(3) That petitioner did not waive his right to counsel.

The trial court did not attempt to provide the answer to the question: "Was petitioner's conviction premised on his plea of guilty, valid?", but left it for this Court to determine from the record furnished as the result of the evidentiary hearing.

 Therefore, after considering the record of the evidentiary hearing, furnished by the District Court of Okmulgee County, and being fully advised in the premises, this Court finds that notwithstanding the instrument executed by petitioner on November 18, 1960, which recited, in part:

"* * * that I appeared before the court who fully explained all my rights to me which I thoroughly understood, after which I voluntarily, without any threats or coercion from anyone either before or at the time, entered my plea of guilty * * *."

That petitioner's constitutional rights were not fully protected; and that the plea entered to the charge of Second Degree Burglary was not valid.

Further, the evidentiary hearing record reflects that the District Attorney objected to the trial court's consideration of the matter premised upon the petition for Writ of Habeas Corpus, for the reason that 22 O.S.Supp.1970, § 1080, provides, in part:

"* * * Excluding a timely appeal, this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence."

We therefore hold, notwithstanding the provisions of 22 O.S.Supp.1970, § 1080, that the privilege of the Writ of Habeas Corpus, being guaranteed by Article 2, Section 10, of the Oklahoma State Constitution, is not suspended or otherwise changed by the statute.

We further hold that the District Court of Okmulgee County was without jurisdiction to impose judgment and sentence on November 18, 1960, in that court's case No. 4737, and that the judgment and sentence is void; and the order vacating petitioner's suspended sentence issued July 18, 1961, is likewise void and both are hereby vacated and set aside for the reasons herein set forth, and as stated in Trammel v. Page, Okl.Cr., 444 P.2d 472 (1968).

This Court is further advised that petitioner is presently incarcerated on another conviction, and insofar as the trial court was without jurisdiction to impose judgment and sentence in case No. 4737, but notwithstanding petitioner has served the sentence imposed therein at the Oklahoma State Penitentiary, and the Warden of said penitentiary and the State Department of Corrections are hereby directed to apply the time served, under the void judgment and sentence, toward the fulfillment of any subsequently imposed judgment and sentence which John William Lamb may now be serving.

Writ granted.

NIX, J., concurs.