Frank Naceo MARTIN, Petitioner,

v.

Ray H. PAGE, Warden of the Oklahoma State Penitentiary, Respondent.

No. A–16570.

Court of Criminal Appeals of Oklahoma.

May 5, 1971.

Don Hamilton, Oklahoma City, for petitioner.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for respondent.

NIX, Judge:

This is an original proceeding in which petitioner, Frank Naceo Martin, seeks a writ of habeas corpus for his immediate release from the Oklahoma State Penitentiary, where he is presently confined on a nine and one-half (9½) year sentence for first degree manslaughter from Oklahoma County, Case No. 32,669.

On February 6, 1952, the petitioner entered a plea of guilty in the District Court of Oklahoma County to five charges and was sentenced thereon as follows: Case No. 20,848, Robbery with Firearms, life imprisonment; Case No. 20,850, Rape in the First Degree, life imprisonment; Case No. 20,830, also Rape in the First Degree, life imprisonment; Case No. 20,867, Burglary in the Second Degree, seven years imprisonment; and Case No. 19,539, Larceny of an Automobile, three years imprisonment. The sentences in all these cases were to run concurrent with the life term in Case No. 20,848, and are collectively referred to herein as petitioner's life sentences.

Petitioner entered the Oklahoma State Penitentiary on February 12, 1952, under these sentences. On November 29, 1961, petitioner was paroled therefrom having served a total of nine years and nine months calendar time. While on parole the petitioner was charged with murder in the District Court of Oklahoma County, Case No. 32,669. Petitioner was jailed on this charge on September 23, 1966. He was subsequently convicted on the included offense of first degree manslaughter and sentenced on October 5, 1967, to a term of nine and one-half (9½) years imprisonment. On October 18, 1967, petitioner was transported to the Oklahoma State Penitentiary and received under the manslaughter sentence. However, on October 24, 1967, petitioner was re-booked at the peni-

tentiary under his previous inmate number to complete the balance of his life sentences for which the parole had been revoked. Petitioner continued to serve the prior life sentences until December 27, 1968, according to prison records.

On December 27, 1968, the United States District Court for the Western District of Oklahoma entered an order vacating and setting aside the petitioner's 1952 three life sentence convictions in Oklahoma County Case No's. 20,830, 20,850, and 20,848. Petitioner's discharge from these sentences was stayed by the Federal Court pending appeal of its decision. The United States District Court decision was affirmed by the United States Court of Appeals on October 28, 1969. Martin v. Page, 417 F.2d 309 (10th Cir. 1969). Certiorari was denied by the United States Supreme Court on May 18, 1970. 398 U.S. 903, 90 S.Ct. 1690, 26 L.Ed.2d 61 (1970). Accordingly, petitioner's life sentences were set aside and since December 27, 1968, the Oklahoma State Penitentiary records indicate that he has been serving his subsequent nine and one-half year sentence for manslaughter.

Petitioner contends that he is entitled to his release as having served the nine and one-half year sentence for manslaughter if he were given credit for (1) the nine years and nine months served in the penitentiary on the voided life sentences, (2) credit for the prison time served from October 18, 1967, until December 27, 1968, and (3) the jail time served from October 23, 1966, until October 18, 1967.

■ First, we reject the petitioner's contention that he is entitled to credit the nine years and nine months served on the voided life sentences against his subsequently imposed nine and one-half year sentence for manslaughter. The appropriate rule is stated in Dorrough v. Page, Okl.Cr., 450 P.2d 520 (1969):

"Time served by a defendant under a void judgment and sentence will not be credited upon another sentence imposed upon defendant under a judgment and sentence for an entirely different offense."

Petitioner cites Lamb v. Page, Okl.Cr., 482 P.2d 615 (1971), as authority for his position. However, Lamb is distinguishable from the instant case in that Lamb was at the penitentiary under more than one sentence. Lamb was initially booked in under the sentence we later held to be void. As a matter of fairness in that particular situation, this Court allowed time served under the voided sentence to apply toward fulfillment of existing sentences Lamb "May now be serving." For if not booked in on the voided sentence, Lamb would have been serving the other sentences. That is not the case with petitioner who was not liable for the manslaughter sentence while serving the nine years and nine months at the penitentiary on the life sentences since he was not convicted of manslaughter until after paroled from the life sentences.

Furthermore, to accept petitioner's proposition that time served on a voided conviction may be credited to satisfy any subsequently incurred sentences for entirely different future offenses would be of questionable wisdom. It might well work a travesty on the law as permitting a license to commit crime by one who has several prison years to his credit on a voided conviction which could be charged off against some future criminal act he might perform. This would negate any deterrent effect of criminal justice. We, therefore, adhere to the rule stated in Dorrough v. Page, supra, and hold that the petitioner is not entitled to a credit for the nine years and nine months served on the voided life sentences against his subsequently incurred manslaughter sentence.

■ As to credit for the prison time served after the petitioner's manslaughter conviction, the State concedes petitioner should be given credit for the time served from October 24, 1967, until December 27, 1968, when the penitentiary records indicated that petitioner was serving time on his voided life sentences. We agree and hold that the petitioner should be given

full credit for all prison time served after October 18, 1967, when petitioner was received at the penitentiary after his manslaughter conviction.

Finally, to allow the petitioner credit for his jail time served from October 23, 1966, when he was arrested on the manslaughter charge, until October 18, 1967, when he was transferred to the penitentiary, we must first determine whether or not petitioner could be considered as serving his first term of imprisonment.

Title 57, O.S.Supp.1970, § 138, allows a deduction from a "first term" of imprisonment for all jail time served prior to being transported to the penitentiary.

The State concedes, and properly so, that the United States District Court order setting aside petitioner's three life sentences removes those judgments from consideration as prior convictions. However, the State argues that petitioner's two prior "less-than-life" sentences, seven years for burglary, and three years for larceny, were not a subject of the federal court's December 27, 1968, order and thus two prior convictions remain.

The reason that the larceny and burglary convictions were not included in the federal court's order was that the lesser sentences had been fully served and satisfied by the date of the suit. Upon examination of the federal court's decision, it is readily apparent that the reason the three life sentences were voided was a finding that the petitioner's guilty pleas on February 6, 1952, "were not entered voluntarily, knowingly, and understandingly", because the petitioner had been led to believe that he would receive a sentence of ten years on all five charges. The federal court's ruling was that all five pleas were invalid, although only directing that he be released from the remaining uncompleted life sentences. We must therefore conclude that all five convictions are void. Accordingly, petitioner's manslaughter conviction in 1967, which he is presently serving, must be considered as a first term of imprisonment within the meaning of 57 O.S.Supp.

1970, § 138. Petitioner is therefore entitled to all jail time served from October 23, 1966 until October 18, 1967.

It is therefore ordered that when petitioner has satisfied his nine and one-half year term allowing as a deduction all jail time served from October 23, 1966 until October 18, 1967, and all prison time served after October 18, 1967, in addition to all other credits allowable under § 138 of Title 57, he shall be released from further confinement under the judgment and sentence of the District Court of Oklahoma County, Case No. 32,669, imposed on October 5, 1967. Writ granted in part.

BUSSEY, P. J., and BRETT, J., concur.