John Richard ANDERSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A-18186.

Court of Criminal Appeals of Oklahoma.

May 30, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Linda Frye, Legal Intern., for appellee.

OPINION

BUSSEY, Judge:

Appellant, John Richard Anderson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, Case No. 322-85, for the offense of Robbery with a Dangerous Weapon, After Former Conviction of a Felony, his punishment was fixed at fifteen (15) years im-

prisonment and from said judgment and sentence, an appeal has been perfected to this Court.

We do not deem it necessary to recite the statement of facts in that the cause must be reversed.

 A police officer testified that he interrogated defendant while in jail custody and beforehand warned defendant of his "rights" as follows:

"A. Well, at the time I told Mr. Anderson he didn't have to tell us anything in regard to the crime that he was charged with and that he may have his lawyer present or may have one—

"Q. Excuse me, I'm sorry, go ahead.

"A. And that he—if he couldn't afford one that he would be appointed a lawyer from the—while—he would be appointed a lawyer by the Court." (Tr. 48)

The warning given by the officer falls far short of the requirements set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The record is totally devoid of any response by the defendant that he understood his "rights."

We next observe that the trial court did not conduct a Jackson v. Denno [1] hearing outside the presence of the jury to determine the voluntariness of defendant's confession nor was the question of voluntariness submitted to the jury with instructions. See Tice v. State, Okl.Cr., 478 P.2d 916.

We finally observe that the arresting officer interjected an evidentiary harpoon into the trial. In response to the question, "What did you do?" the officer testified as follows:

"Immediately after placing Mr. Anderson under arrest and placing the handcuffs on him, and putting him in the scout car we checked about a complaint signed against the subject for a breach of con-

tract, I believe, and also a counter warrant was also on file." (Tr. 32)

The judgment and sentence is accordingly reversed and remanded.

BLISS, P. J., and BRETT, J., concur.

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.