John Richard ANDERSON, Petitioner,

v.

Warden Park J. ANDERSON, and the State of Oklahoma, et al., Respondent.

No. H–73–132.

Court of Criminal Appeals of Oklahoma.

June 28, 1973.

John Richard Anderson, pro se.

Larry Derryberry, Atty. Gen., for respondents.

## OPINION

BLISS, Presiding Judge:

In the District Court of Oklahoma County, Case No. 32285, petitioner was convicted for the offense of Robbery With a Dangerous Weapon, and sentenced to fifteen (15) years imprisonment. On May 30, 1973, this Court handed down an opin-

ion, Anderson v. State, Okl.Cr., 510 P.2d 998 (1973), reversing and remanding the above conviction. In an order dated June 15, 1973, upon application of the Oklahoma County District Attorney, the District Court of Oklahoma County dismissed the above case. Petitioner, upon that dismissal began serving a ten (10) year term of imprisonment upon a conviction entered subsequent to the above armed robbery conviction. Petitioner prays the time served upon the reversed conviction be applied to the subsequent conviction.

In support of petitioner's argument, he is entitled to the above mentioned credit, he submits the case of Lamb v. Page, Okl.Cr., 482 P.2d 615 (1971). Before noting the application of *Lamb,* supra, to the instant circumstance, we first note the authority of Evans v. Page, Okl.Cr., 465 P.2d 771 (1970). In the *Evans* case the following language is found:

"The applicable rule of this court was announced in Dorrough v. Page, Okl.Cr., 450 P.2d 520 (1969):

'Time served by a defendant under a void judgment and sentence will not be credited upon another sentence imposed upon defendant under a judgment and sentence for an entirely different offense.' 450 P.2d at 520.

"This same rule has been applied in other jurisdictions and we are unaware of any contrary superceding decision or constitutional prohibition. See: People v. Kowalsky, 2 N.Y.2d 949, 162 N.Y.S.2d 355, 142 N.E.2d 421; Montford v. Wainwright, 162 So.2d 663 (Florida 1964); State v. Rhodes, 77 N.M. 536, 425 P.2d 47; 24 B C.J.S. Criminal Law § 1995(4). Thus, petitioner cannot credit time served under the narcotics case, No. 23552, toward satisfaction of the sentence in the forgery case, No. 22911."

In construing *Lamb,* supra, with the weight of Oklahoma authority, this Court finds the *Lamb* case is applicable only to the circumstances in that case. It serves

as an order applicable to that case only and is not to be construed to have changed the Oklahoma rule upon this point of law. For that reason, we find petitioner is not entitled to apply the prison time served on the robbery conviction to the subsequent offense upon which he was convicted. Therefore, petitioner's Writ of Habeas Corpus is denied.

BRETT, Judge (dissents):

I must respectfully dissent to this decision, notwithstanding this Court's holding in Evans v. Page, supra. This Court is endowed with authority to modify or direct the correction of any judgment and sentence before it for consideration, when the proper administration of justice requires action. This is one of those situations in which I believe justice demands an application of that authority. The result of this decision violates the rules of fundamental fairness frequently referred to by the United States Supreme Court.

When a person is required to serve penitentiary time on a judgment and sentence which is subsequently voided, and is then required to serve a full consecutive sentence which was imposed at the same hearing, without any credit or consideration whatsoever, such requirement smacks at injustice in the name of justice.

The American Bar Association Standards Relating to Sentencing Alternatives and Procedures recommends that such credit be allowed. In paragraph 3.6(c), the following is provided:

"If a defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum term and any minimum term of the remaining sentences should be given for all time served since the commission of the offenses on which the sentences were based."

The discussion of the foregoing paragraph cites King v. United States, 69 App. D.C. 10, 12–13, 98 F.2d 291, 293 (1938), as follows:

"The Government's brief suggests, in the vein of The Mikado, that because the first sentence was void appellant 'has served no sentence but has merely spent time in the penitentiary;' that since he should not have been imprisoned as he was, he was not imprisoned at all. . . . As other corollaries it might be suggested that he is liable in quasi-contract for the value of his board and lodging, and criminally liable for obtaining them by false pretenses. We cannot take this optimistic view."

The facts in the instant matter reveal that on October 21, 1966, four separate judgments and sentences were imposed on petitioner at the same hearing, with court appointed counsel being present. The first sentence was for fifteen (15) years imprisonment; the second sentence was for ten (10) years, to run consecutively to the first; and the third and fourth sentences were for five (5) years each, to run concurrently, but consecutively to the ten year sentence. Petitioner attempted to appeal the fifteen year sentence without success. The trial court denied petitioner's appeal, stating that the notice of intent to appeal was not timely filed; this Court affirmed the trial court, and petitioner appealed to the United States Court of Appeals without success.

Petitioner commenced a post conviction proceeding which was denied by the trial court and this Court. Petitioner again proceeded through the federal courts; but the second time, the Court of Appeals remanded the appeal to the United States District Court for evidentiary hearing. On December 20, 1972, at the conclusion of that hearing, the United States District Court ordered: "The [U.S. District] Court allows a reasonable time from the date of this Order within which Petitioner shall be afforded his right to appeal." The Oklahoma Court of Criminal Appeals granted the appeal and reversed and remanded the

conviction. Subsequently the original information was dismissed. Now, in this action, petitioner is attempting to get credit for the six years he spent in the State Penitentiary during these proceedings, and to have that time applied toward the satisfaction of the ten year sentence imposed at the same hearing on October 21, 1966.

I believe petitioner is entitled to receive that credit, as recommended by the ABA Standards. It is sheer folly to hold in this decision that such credit cannot be allowed, because it has never been done before. See: 68 A.L.R.2d 617, § 2 [a] and [b], for cases in which credit has been allowed. In such cases it is not uncommon to allow such referral of credit in federal cases, in which defendant was convicted under several counts in one indictment; and in which the earlier count was reversed for legal reasons.

Therefore, I respectfully dissent to this decision.