**Shelby N. FLOYD, Petitioner,**

v.

**The STATE of Oklahoma et al., Respondents.**

**No. H–75–363.**

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1975.

---

OPINION

BLISS, Judge:

In the District Court, Garfield County, Case No. CRF–69–193, petitioner was convicted for the offense of Forgery, Second Degree, and pursuant thereto was sentenced to a term of three (3) years' imprisonment, said sentence being suspended. Thereafter, on the 14th day of January, 1970, petitioner's suspended sentence was revoked and, consequently, he was billed into the State penitentiary on the 15th day of January, 1970. Thereafter, on the 21st day of December, 1970, petitioner was paroled. Subsequently, in the District Court of Garfield County, Case No. CRF–72–13, petitioner, upon a plea of guilty, was convicted of Uttering and Passing a Bogus Check and, pursuant thereto, was sentenced to a term of ten (10) years' imprisonment. Petitioner was then billed into the Oklahoma State Penitentiary on the 31st day of January, 1972, under CRF–72–13. Subsequently, on the 4th day of February, 1972, the petitioner's parole, in Case No. CRF–69–193, was revoked. On the 30th day of April, 1975, the petitioner's conviction in Case No. CRF–72–13 was vacated, set aside and held for naught by this Court in *Floyd v. State,* Okl.Cr., 535 P.2d 306 (1975). Thereafter, on the 24th day of June, 1975, the District Attorney of Garfield County dismissed charges against petitioner in Case No. CRF–72–13, and subsequently the petitioner, on the 26th day of June, 1975, was billed into the Oklahoma State Penitentiary to satisfy the sentence in Case No. CRF–69–193. Petitioner prays the time served upon the reversed conviction, in Case No. CRF–72–13, be applied towards satisfaction of the sentence rendered in CRF–69–193.

 An examination of the Oklahoma cases dealing with crediting time served under a judgment and sentence which is later, on appeal, reversed or held void compels us to clarify the law on this subject as the cases undoubtedly have created some confusion.[1] We will deal specifically with the contingencies which might occur and thereby cause difficulty in this area. We note the Fourth Circuit, in *Miller v. Cox,* 443 F.2d 1019 (1971), delineated and dis-

---

1. *Dorrough v. Page,* Okl.Cr., 450 P.2d 520 (1969); *Evans v. Page,* Okl.Cr., 465 P.2d 771 (1970); *Lamb v. Page,* Okl.Cr., 482 P. 2d 615 (1971); *Martin v. Page,* Okl.Cr., 484 P.2d 1319 (1971); and *Anderson v. Anderson,* Okl.Cr., 513 P.2d 345 (1973).

tinguished three situations in which this issue may arise. In pertinent part, the Circuit Court found:

"The question may arise in a variety of situations which need to be distinguished. Where a conviction is set aside and the prisoner is then retried and convicted of the same offense, the Supreme Court has held that the time served under the voided conviction must be credited toward the subsequently imposed sentence. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). This result was dictated by the constitutional prohibition against multiple punishment for the same offense, a concept embodied in the Double Jeopardy clause of the Fifth Amendment.

"A second and distinct situation is presented where a prisoner serving consecutive sentences on several convictions succeeds in having one of the sentences invalidated after it has been fully or partially served. In this instance there is no question of multiple punishment for the same offense. Nevertheless, this court held in *Tucker v. Peyton,* 357 F.2d 115 (4th Cir. 1966), that the state must credit the sentences remaining to be served on the valid convictions with the time served under the voided conviction. We emphasized that all that was involved was an adjustment of the administrative records of the prison authorities so that service on the remaining valid sentences would commence at an earlier date. 357 F.2d at 117. Common sense and fundamental fairness require that under such circumstances the state should not ignore the period of imprisonment under the invalid sentence when an appropriate remedy is so readily available.

"There is still a third category which calls for an entirely different treatment of time served under a voided conviction. Here an individual, after his conviction has been invalidated and he has regained his freedom, commits a new crime and receives a new sentence. The issue is then posed whether credit should be allowed on that sentence for time served on the prior invalidated conviction. In *Sills v. Peyton,* Mem.Dec. 12,-045 (4th Cir. 1968), this court faced a claim of credit asserted in such circumstances and squarely rejected it. Sills had served 21 years on convictions set aside because of the state's failure to provide him counsel as mandated by *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963). After Sills' release from prison, he perpetrated several new felonies for which prison sentences aggregating 11 years were imposed. Sills maintained in his federal habeas petition that time served under the void convictions entitled him to credit on his latest sentences, and thus to immediate freedom since the credit, if granted, would exceed the new sentences. His contention went even further. In his view the uncredited portion of the 21 years should also remain available to be applied to any valid sentence or sentences that might be imposed upon him for future criminal conduct. Under the facts of that case, this court declared it 'unthinkable to lend support to any judicial decision which permits the establishment of a line of credit for future crimes.' We today reaffirm our holding in *Sills, supra.* The underlying reasoning was that the availability of credits against sentences for future crimes would provide a sense of immunity and an incentive to engage in criminal conduct. The public policy consideration involved was deemed to outweigh the claim for requital by way of a time allowance for the illegal detention to which the prisoner had been subjected." (Footnotes omitted)

We concur in and adopt such delineation and the applicable principles of law thereto as set out by the Circuit Court. However, we feel the "crediting question" may arise and yet not fall "per se" within one of the situations outlined by the Circuit Court. Such is the case before us.

In the instant case the petitioner was not billed into the penitentiary under consecutive sentences. He was initially billed into the institution under CRF–69–193, the only existing sentence at that time. He was ultimately paroled after which, while on parole, he was convicted in CRF–72–13. Thereafter, he was billed into the institution under CRF–72–13 and several days later parole was revoked in CRF–69–193. Later, this Court held the conviction in CRF–72–13 void and, thus, the petitioner was rebilled under CRF–69–193.

■ The revocation of parole in CRF–69–193 resulted in the petitioner's being incarcerated under the void judgment and sentence, CRF–72–13, while contemporaneously having a detainer on him for another existing sentence, the parole revocation in CRF–69–193. Thus, we find this situation to be analogous to the second situation delineated by the Fourth Circuit. Although the petitioner was not incarcerated under per se consecutive sentences, we feel the petitioner's incarceration under CRF–72–13 with a detainer on him for CRF–69–193 must be governed by the same principles of law as those which govern the question of crediting time served under a void judgment and sentence to a sentence with said void judgment and sentence to be served consecutively. Therefore, we find the State must credit the petitioner for the time served under the void judgment and sentence, CRF–72–13.

■ We hold, accordingly, that time served under a void judgment and sentence which was imposed subsequent to a prior valid and outstanding conviction, from which defendant is given a suspended sentence or is thereafter paroled, must be credited towards the fulfillment of the prior outstanding sentence or sentences.

■ While, as here, petitioner's parole was revoked for an act committed prior to the imposition of the void judgment and sentence in CRF–72–13, petitioner must be credited for the time served from the commencement of his sentence in CRF–72–13. This would hold true whether the State was diligent in revocation proceedings as here, and revoked the parole of suspended sentence of the prior valid conviction, or whether discretion led the State to wait on revocation proceedings for some reason to a time even after the defendant was released under the void judgment and sentence.

■ Such a crediting rule will not hold true in the situation where the act upon, which the parole or suspended sentence is revoked was committed subsequent to the imposition of the void judgment and sentence but before said judgment was held to be void. In such case the defendant will be entitled to the time served under the void judgment and sentence commencing with the revocation of parole or suspended sentence and ending with the release of the defendant under the void judgment and sentence.

■ Also, such a crediting rule will not hold true where the act upon which the parole or suspended sentence is revoked was committed subsequent to the release of the defendant under the void judgment and sentence. In this situation, the defendant will not be entitled to have the time served under the void judgment and sentence credited towards the satisfaction of the sentence under which the parole was revoked. To hold otherwise in such a situation would, in essence, hereby approve of the theory of "banking time" which is certainly condemned in other jurisdictions. See, *Miller,* supra, and *Meadows v. Blackwell,* 433 F.2d 1298 (5th Cir. 1970). Such a theory was expressly rejected and condemned by this Court in *Martin v. Page,* Okl.Cr., 484 P.2d 1319 (1971).[2] So does

2. At page 1321 in *Martin,* supra, we stated that:
"[T]wo accept petitioner's proposition that time served on a voided conviction may be credited to satisfy any subsequently incurred sentences for entirely different future offenses would be of questionable wisdom. It might well work a travesty on the law as

our opinion today reaffirm such disapproval of the "banking time" theory.

Accordingly, in conclusion the petitioner is entitled to the time served from commencement of the void judgment and sentence, January 31, 1972, as the act upon which the petitioner's parole was revoked was committed prior to the imposition of the sentence in CRF–72–13.[3] In the instant case, if credit were but given from the date of revocation, as if the situation existed where the act upon which revocation is based was committed between imposition of the void judgment and sentence and release of the defendant under said sentence, we observe this satisfies any remaining sentence due under the valid conviction in CRF–69–193.[4] However, this satisfaction of the judgment and sentence in CRF–69–193 does not mandate release of the petitioner pursuant to the habeas corpus petition, if the petitioner is presently being held or detained upon another separate and distinct offense.

For the reason herein stated, the petition for writ of habeas corpus is granted within the directives herein set forth.

An original proceeding in which Shelby N. Floyd has petitioned this court for a writ of habeas corpus.

Granted within the directives set forth.

BRETT, P. J. and BUSSEY, J., concur.

permitting a license to commit crime by one who has several prison years to his credit on a voided conviction which could be charged off against some future criminal act he might perform. This would negate any deterrent effect of criminal justice."

3. In many cases the grounds upon which the parole or suspended sentence is revoked may actually be the act for which the defendant was charged and subsequently convicted in · the judgment which is later held void. In the instant case the judgment in CRF–72–13, later held void, was but one of several grounds for revocation of petitioner's parole. The enumerated grounds included: (1) convicted of Knowingly Concealing Stolen Property, After Former Conviction of a Felony; (2) convict-

ed in Jackson, Mississippi, or carrying a concealed weapon; (2) traffic violation and Driving While Intoxicated; (4) Garfield County conviction of Uttering and Passing Bogus Check, After Former Conviction of a Felony; (5) leaving the state without permission; (6) associating with persons on parole; (7) carrying firearms.

4. This is certainly true as petitioner was billed in on January 31, 1972, and thereafter parole was revoked on February 4, 1972. Petitioner served under the void judgment and sentence until April 30, 1975 which is in excess of three (3) years' sentence which was rendered in CRF–69–193 even if the date of revocation of parole is used and not the date of commencement of the sentence in CRF–72–13.