**Charles E. MARKER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3245.**

Court of Appeals of Alaska.

April 3, 1992.

---

Larry Cohn, Anchorage, for appellant.

Jill De La Hunt, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS, J., and ANDREWS, Superior Court Judge.*

OPINION

COATS, Judge.

Charles E. Marker was convicted, based upon his plea of no contest, of robbery in the first degree. AS 11.41.500(a)(1). This conviction was based upon an incident that occurred November 2, 1987. We set out the facts of the case in a previous decision in *Marker v. State*, Memorandum Opinion and Judgment No. 1715 (Alaska App., December 21, 1988), as follows:

> On November 2, 1987, Marker and Alex Headrick met M.S. in a bar. M.S. agreed to have a drink with Marker and Headrick. The three of them left the bar and walked until they came to a baseball field. Headrick and Marker told M.S. that they were police officers and accused M.S. of dealing cocaine. Headrick showed M.S. a badge. Headrick then forced M.S. to lie down on his coat and he sexually assaulted her. Marker fondled her breasts. Sometime during the sexual assault one of the defendants displayed a knife, although M.S. could not remember whether it was Marker. Apparently, the defendants took or attempted to take some money from M.S. during the assault. M.S. was handcuffed by her assailants during some of the period of time that she was held. Following the sexual assault, the defendants removed M.S.'s handcuffs. When she saw a car coming down the street, M.S. ran out to the street in an attempt to get help. She was struck by the car. The driver of the car stopped and M.S. ran up to the driver. Headrick showed a badge to the

> driver, attempting to convince the driver that he and Marker were police officers. The driver did not believe Headrick and took M.S. to the Anchorage Police Department where she reported the rape.

At the time of sentencing, Marker had two prior felony convictions for robbery in the second degree. One robbery conviction was on appeal; Marker was on parole for the other robbery offense at the time of the 1987 robbery offense. Superior Court Judge Karl S. Johnstone found that Marker was a third felony offender. He found that several aggravating factors applied to the sentencing in this case: that a person, other than an accomplice, sustained physical injury as a direct result of Marker's conduct; that Marker knew that the victim of the offense was particularly vulnerable or incapable of resistance; that Marker's prior criminal history included conduct involving aggravated or repeated instances of assaultive behavior; and that Marker was on parole for another felony conviction at the time of this offense. AS 12.55.-155(c)(1), (5), (8), (20). As a third felony offender convicted of a class A felony, Marker was subject to a presumptive sentence of fifteen years. AS 12.55.125(c)(4). Judge Johnstone imposed the fifteen-year presumptive term and sentenced Marker to five additional years based on the aggravating factors. Judge Johnstone therefore imposed the maximum sentence for a class A felony of twenty years of imprisonment. Judge Johnstone concluded that Marker was a worst offender for this class of offense and that he deserved a maximum sentence. Judge Johnstone made the following statement:

> I believe that the enhancement of the aggravating factor should be maximum.... I would conclude that if the prior felony conviction gets reversed and you're sent back I see no reason not to enhance the aggravating factors for this case up to the maximum of ten years instead of five years. So, I'm giving you notice right now that if it comes back based on what I've seen so far I would

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

enhance the aggravating factor ten years instead of five years.

Marker appealed his sentence to this court. We affirmed Marker's sentence in Memorandum Opinion and Judgment No. 1715 (Alaska App., December 21, 1988). In affirming Marker's sentence we stated:

Marker has been involved in a series of offenses since he was institutionalized as a juvenile in 1976. The present offense is his third felony conviction. He was on parole for a former felony offense at the time of this offense. His present offense is serious; Marker could have easily been convicted of sexual assault under the present facts. Judge Johnstone could properly conclude that Marker was a worst offender in his class and that Marker deserved a maximum sentence. We conclude that the sentence is not clearly mistaken.

In 1989 this court reversed one of Marker's prior robbery convictions. Marker was convicted of this offense in 1982. *Marker v. State*, Memorandum Opinion and Judgment No. 1719 (Alaska App., January 11, 1989); *Marker v. State*, Memorandum Opinion and Judgment No. 1559 (Alaska App., February 10, 1988). In reversing Marker's robbery conviction, we concluded that, on remand, the state could retry Marker on the robbery charge or, in the alternative, the state could request the entry of a judgment on assault in the fourth degree. *Marker v. State*, Memorandum Opinion and Judgment No. 1719 at 4 n. 1. The state opted to request the entry of judgment on assault in the fourth degree, a misdemeanor, rather than retry the case. On the misdemeanor, the trial court entered a maximum one-year sentence. However, by this time, Marker had already served the entire four-year presumptive sentence on the original 1982 robbery conviction.

Marker moved to vacate the sentence on the 1987 offense under Alaska Criminal Rule 35(a) on the grounds that he was not a third felony offender because one of his prior felony convictions had been reduced to a misdemeanor. A second sentencing hearing was held on June 13, 1989. Marker argued that because his 1982 conviction had been reversed, he was only a second felony offender and had not committed the current charge while on parole. Marker also asked the court to consider his "excellent" institutional behavior; the trial court stated this was not a factor at resentencing. Marker also argued that the excess time he served on the 1982 conviction that was reversed on appeal should be credited toward his current first-degree robbery sentence. On resentencing, Judge Johnstone reiterated his previous position justifying the maximum sentence and stated that he would "enhance [the sentence] by ten additional years instead of five and the sentence would essentially remain the same." The trial court denied the motion to credit the excess time that Marker served on the 1982 offense because "[t]he credit sought is not for time served in the present case." Thus, Judge Johnstone imposed a sentence of ten years (the presumptive sentence for a second felony offender) plus ten years (based on aggravating factors) for a total sentence of twenty years.

■ Marker first contends that Judge Johnstone erred in not crediting him for the excess time he served on his 1982 robbery offense toward his 1987 robbery offense. Marker points out that he served his entire four-year presumptive sentence for his original 1982 robbery conviction and that ultimately he was sentenced to one year on the assault conviction. He argues that he should be given credit for the excess time he served on the 1982 conviction.

Alaska Statute 12.55.025(c) provides in relevant part:

A defendant shall receive credit for time spent in custody pending trial, sentencing, or appeal, if the detention was in connection with the offense for which sentence was imposed.

The only connection between the 1982 offense and 1987 conviction that Marker has shown is that the 1987 offense may have been committed while Marker was on

parole on the 1982 offense [1] and that the state originally used the 1982 conviction as a prior felony offense to enhance Marker's sentence on the 1987 offense. If this is the only connection, we fail to see that Marker's detention "was in connection with the offense for which sentence was imposed."

The cases cited by Marker are inapposite. They all stand for the proposition that time must be credited for time served on the same offense, and most concern reconviction or resentencing. *See State v. Nelson,* 160 Fla. 744, 36 So.2d 427 (1948); *Lewis v. Commonwealth,* 329 Mass. 445, 108 N.E.2d 922 (1952); *Ex parte Wall,* 330 Mich. 430, 47 N.W.2d 682 (1951); *Ex parte Cowan,* 279 N.W. 854 (Mich.1938); *People v. Ancksornby,* 231 Mich. 271, 203 N.W. 864 (1925); *State v. Mehlhorn,* 195 Wash. 690, 82 P.2d 158 (1938); *see also* R.D. Hursh, Annotation, *Right to Credit for Time Served Under Erroneous or Void Sentence or Invalid Judgment of Conviction Necessitating New Trial,* 35 A.L.R.2d 1283 (1954).

The Oklahoma Court of Criminal Appeals addressed an argument similar to that made by Marker and found it wanting. *See Dorrough v. Page,* 450 P.2d 520 (Okla.Crim.App.1969). Dorrough was sentenced to a two-year term on February 17, 1967, for burglary in the second degree. *Id.* at 520. He had been previously convicted of grand larceny and began serving a ten-year term on November 17, 1966. *Id.* at 521. The grand larceny conviction was reversed. *Id.* Dorrough argued "that he is entitled to credit for time served on the void [grand larceny] sentence to satisfy the two year [burglary] sentence and that he would have satisfied the two year [burglary] sentence on March 24, 1968." *Id.* The court looked at the Oklahoma credit-for-time-served statute and found that a prisoner was not entitled to credit for time served under a prior unrelated sentence that was later set aside. *Id.* The court found its holding supported by case law in Florida, New Mexico, and New York, and by scholarly commentary. *Id.*

Under the Alaska statute, the sentencing court shall credit time served "in connection" with the same offense. In 1969, the Oklahoma statute, in pertinent part, provided: "All inmates serving their first term with a good conduct record and who have no infraction of the rules and regulations of the penal institution shall be allowed as a deduction from his term of imprisonment the jail term, if any, served prior to being received at the penal institution." Okla. Stat. tit. 57, § 138 (1968) (amended 1973). The Oklahoma court apparently interpreted "the jail term ... served prior to being received at the penal institution" to mean time served related to the same offense. *Dorrough,* 450 P.2d at 521. The Alaska statute more clearly indicates it was intended to reach the same result.

The state relies heavily on *Davis v. U.S. Attorney General,* 432 F.2d 777 (5th Cir. 1970). *Davis* seems similar to the case at bar. Davis was convicted and served time on a twelve-year composite sentence. *Id.* at 778. Davis, like Marker, was placed on mandatory release and committed an ensuing crime for which he was convicted and sentenced to a fourteen-year term of imprisonment. *Id.* The twelve-year term was subsequently vacated; Davis pled guilty to the same charges and was sentenced to terms of ten years and two years to run concurrent with the unrelated fourteen-year term. He was given credit toward the two-year and ten-year terms for time served pursuant to the twelve-year composite term. *Id.* Davis argued that he "should also be credited toward the fourteen-year ... sentence he is now serving because all sentences were made to run concurrently." *Id.*

While not relying on a credit-for-time-served statute, the court ruled against Davis, stating:

> The basis of appellant's contention is that while serving time under an invalid sentence he managed to earn credit against a future unrelated sentence for a crime not yet perpetrated. We cannot accept such a proposition. An allowance

---

1. The state notes that the record is unclear whether, at the time of the 1987 offense, Marker

was on parole for his 1982 robbery conviction or for his 1980 robbery conviction.

for prison time previously served under a void commitment does not reduce sentences imposed as a result of new and different crimes. The [fourteen-year] sentence therefore remains undisturbed since it was incurred for the commission of an offense unrelated to the original crime and not even in existence when appellant earned the credit in the Atlanta penitentiary.

*Id.* (citations omitted). The state cites other cases in accord with *Davis. See Johnson v. Henderson,* 455 F.2d 983 (5th Cir. 1972) (sentence imposed after parole revocation not sufficiently related to reversed theft conviction on which defendant had been paroled); *Meadows v. Blackwell,* 433 F.2d 1298 (5th Cir.1970) (prisoners may not "bank" time).

Also analogous to Marker's situation is *Henley v. Johnson,* 885 F.2d 790 (11th Cir. 1989). *Henley* rejected the petitioner's claim that he was entitled to have time served on a reversed robbery conviction credited toward a sentence for an escape from custody on the robbery charge. *Id.* at 793. The court stated:

> When a conviction is set aside and the prisoner is subsequently retried and convicted of the same offense, it is well-established that under the Double Jeopardy Clause, the time served under the invalid conviction must be credited toward the new sentence. *Because Henley's convictions for escape do not arise from the same events which led to his robbery conviction,* the State of Alabama's failure to apply the time served pursuant to the invalid robbery conviction against the escape sentence does not violate the constitutional guarantee against multiple punishments for the same offense.

*Id.* (emphasis added) (citations omitted). The court went on to note that in the absence of a constitutional mandate, allowing "a 'line of credit' against sentences for future crimes" would be inauspicious social policy as it might "provide a sense of immunity and an incentive to engage in criminal conduct." *Id.* at 793 n. 5 (listing cases similarly rejecting "time banking" on policy grounds).

The state concedes that there is authority for the proposition that "even if the offenses are technically unrelated, credit is allowed on a subsequent sentence for time served on invalid sentence [sic] when service of that previous term delayed commencement of the subsequent sentence." *Sancinella v. Henderson,* 380 F.Supp. 1393, 1395 (N.D.Ga.), *aff'd,* 502 F.2d 784 (5th Cir.1974); *see also Johnson v. Henderson,* 455 F.2d at 984. Here, however, the record does not show that Marker's incarceration for the parole violation for the 1980 and 1982 offenses delayed commencement of his 1987 sentence.

In conclusion, it does not appear that either AS 12.55.025(c) or the state or federal constitutions required Judge Johnstone to give Marker credit for the excess time Marker served on the 1982 offense toward the service of the 1987 sentence.

■ Marker next contends that his sentence must be vacated because of judicial vindictiveness. He claims that he has established a *prima facie* case of vindictiveness by showing that Judge Johnstone imposed a twenty-year sentence on him as a second felony offender, the same sentence Judge Johnstone had imposed on him as a third felony offender.

■ Under federal constitutional law, the presumption of judicial vindictiveness arises " 'only in cases in which a reasonable likelihood of vindictiveness exists.' Once this presumption blossoms, the prosecution must proffer evidence to overcome it; elsewise, vindictiveness is deemed established, and the due process clause requires invalidation of the challenged action." *United States v. Pimienta–Redondo,* 874 F.2d 9, 12–13 (1st Cir.) (citations omitted), *cert. denied,* 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989), *cited in Allain v. State,* 810 P.2d 1019, 1021 (Alaska App. 1991).

The federal courts have held that "on resentencing, if it is reasonably clear that the judge reshaped [the sentence] merely as a means of bringing original sentencing intentions to fruition after some new development had intervened, a need for employ-

ing the [*North Carolina v.*] *Pearce* [,395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)] presumption never arises." *Pimienta–Redondo*, 874 F.2d at 13; *accord Allain*, 810 P.2d at 1021–22.

The Supreme Court of Alaska has provided a greater level of protection from judicial vindictiveness under the Alaska Constitution. For instance, in *Shagloak v. State*, 597 P.2d 142, 145 (Alaska 1979), the supreme court held that when the defendant had once been sentenced for a crime, and that sentence was later vacated, the defendant could not then later receive a more severe sentence than that originally received. However, *Shagloak* and other similar Alaska cases hold that a showing of possible vindictiveness requires that the defendant receive a sentence more severe than the one successfully vacated on appeal or otherwise. Here, Judge Johnstone on resentencing did not impose a more severe penalty. It is true, as Marker points out, that Judge Johnstone increased the portion of the sentence that was based upon the aggravating factors. This was because the portion of the sentence based upon the presumptive term had been reduced. An analysis of Judge Johnstone's original sentencing remarks and his later sentencing remarks clearly shows his intent to impose a maximum twenty-year sentence. Judge Johnstone found Marker to be a worst offender who committed a particularly atrocious act and had a history suggesting the need for incarceration to protect the public. Judge Johnstone made it clear at the original sentencing that, regardless of whether the 1982 conviction was valid, Marker should receive the maximum twenty-year sentence. At resentencing, Judge Johnstone found that the presumptive term must be decreased and that the aggravating factor that Marker was on parole or probation at the time of the commission of the current offense was no longer supported by clear and convincing evidence. Judge Johnstone, however, ruled:

> I believe that the defendant is a worst offender still based on the earlier findings I made. All the other aggravating factors and all my comments are adopted at this time that I made earlier. The fact that the case was reversed, the defendant did plead to a conviction of a misdemeanor assault. I find that the facts established on the basis of the misdemeanor assault were established and that the conduct was very serious, most serious for the misdemeanor assault. That it's verified information. That it goes to the defendant's prospects for rehabilitation and it goes to my finding he's a worst offender. I see no reason to change my earlier findings in this case based on the record I have before me. A review of the earlier file and the presentence report, all the information of the department of health and social services, the expert's review of Mr. Marker all leads me to the same conclusions at this time. However, I will have to impose a different sentence because the defendant is now subject a ten year presumptive sentence with ten years aggravated on top of it.

Judge Johnstone's remarks on resentencing show that he fairly reevaluated the defendant on remand, *see Pimienta–Redondo*, 874 F.2d at 14, and simply used a different way to implement the original sentencing plan, *id.* at 14–15 & n. 6; *cf. Allain*, 810 P.2d at 1022; *Kuvaas v. State*, 717 P.2d 855, 857 (Alaska App.1986). Marker's vindictiveness claims are without merit.

■ Marker next contends that his sentence was excessive. We previously considered and affirmed Marker's twenty-year sentence in *Marker v. State*, Memorandum Opinion and Judgment No. 1715 (Alaska App., December 21, 1988). The only thing that has changed is that Marker at the time of our original decision was a third felony offender. At this time, Marker is subject to sentencing as a second felony offender. This change is not insignificant. As a second felony offender, Marker faced a ten-year presumptive sentence. As a third felony offender he faced a fifteen-year presumptive sentence. In passing the revised code, the legislature made it clear that, other things being equal, courts were to treat third felony offenders more severely than second felony offenders. Marker

could certainly argue that, as a second felony offender, his sentence should not exceed the presumptive sentence for a third felony offender unless Judge Johnstone found his case exceptional. *See Austin v. State*, 627 P.2d 657 (Alaska App. 1981). However, it is clear from Judge Johnstone's sentencing remarks that he found Marker's case to be exceptional. We have previously quoted our summary of Marker's prior and present offenses and our approval of Judge Johnstone's findings that Marker was a worst offender and deserved a maximum sentence. Upon further review, and fully recognizing that Marker is now subject to sentence as a second felony offender, and not as a third felony offender, we believe that Judge Johnstone was not clearly mistaken in imposing a sentence of twenty years of imprisonment.

The sentence is AFFIRMED.

MANNHEIMER, J., not participating.