**Woodrow A. ALLAIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–2944.

Court of Appeals of Alaska.

May 10, 1991.

Rehearing Granted and Opinion Amended June 21, 1991.

---

Paul E. Malin, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

## OPINION

BRYNER, Chief Judge.

Woodrow A. Allain appeals after being convicted of two counts of sexual abuse of a minor in the second degree, claiming that the two counts should merge into a single conviction. He also challenges two special conditions of probation and contends that his composite sentence is excessive. We affirm.

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

On February 10, 1988, Allain babysat nine-year-old C.M.S. C.M.S. went to sleep on a sofa bed while watching television. She awoke to find Allain lying next to her, with his hand inside her panties touching her genital area. After withdrawing his hand, Allain got on top of C.M.S. With his clothing on, Allain moved up and down on C.M.S., rubbing his genitals against hers.

As a result of his sexual contact with C.M.S., the state charged Allain with two counts of sexual abuse of a minor in the second degree: one count for touching C.M.S. with his hand and one count for rubbing his genital area against hers. After a jury convicted Allain of both counts, Superior Court Judge Karl S. Johnstone sentenced Allain to consecutive terms of three years. As to Count I, which involved Allain's touching C.M.S. with his hand, Judge Johnstone suspended two years of imprisonment; as to Count II, the genital touching, the judge suspended all three years. Allain's composite sentence was thus six years with five years suspended. As special conditions of probation, Judge Johnstone ordered Allain, among other things, to abstain from consuming alcoholic beverages and to avoid unsupervised contact with children under sixteen years of age.

■ On appeal, Allain first contends that the two counts for which he was convicted should merge into a single count for purposes of judgment and sentencing. Allain argues that separate convictions and sentences are impermissible because the two counts involve conduct that was closely related, arising from a single criminal episode of sexual contact with the same victim. The state concedes error, acknowledging that only a single conviction should properly have been entered here. We find the state's concession to be factually supported and to have legal foundation. See Newsome v. State, 782 P.2d 689, 691–92 (Alaska App.1989).

We next consider the appropriate remedy. We conclude that, under the circumstances of this case, judgment should be vacated as to Count I; that count should be deemed to merge with Count II, which

should be allowed to remain in effect. This seems appropriate because the sexual touching dealt with in Count I appears to have been preliminary in nature and to have culminated in the contact that was the subject of Count II.

■ A more difficult issue is whether resentencing should be allowed on Count II in light of the merger. The state maintains that Allain's case should be remanded for resentencing on Count II and that the sentencing court should be authorized to impose a new sentence that does not exceed the composite term of six years with five years suspended originally imposed as to Counts I and II. In response, Allain insists that a remand for resentencing would be barred by double jeopardy and due process.

We find the state's position meritorious and Allain's constitutional claims unpersuasive. As a matter of federal constitutional law, it appears clear that resentencing on Count II is barred neither by double jeopardy nor by the due process prohibition against vindictiveness. See, e.g., Pennsylvania v. Goldhammer, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985); United States v. Pimienta–Redondo, 874 F.2d 9 (1st Cir.1989) (en banc).

It is conceivable that the more stringent protections of Alaska's double jeopardy and due process clauses might afford Allain shelter against resentencing in some circumstances, even though resentencing would not be barred by the United States Constitution. Under the narrow circumstances of the present case, however, we conclude that the Alaska Constitution does not bar resentencing. Two factors are pivotal to our decision.

First, the dismissal of Count I in this case results from its merger with Count II and does not in any way implicate the legitimacy of the jury's factual determination that Allain was guilty of the conduct originally charged in Count I. Given the merger of Counts I and II, Count II now comprehends the totality of the conduct for which Allain was originally sentenced. Because the merger of Counts I and II was precisely the relief that Allain sought in bringing this appeal, he cannot be heard to

complain that double jeopardy precludes the imposition of a new sentence that takes into account the expanded scope of the conduct now included in that count.

Second, in the present case, Judge Johnstone made it abundantly clear at the original sentencing hearing that he viewed Allain's convictions as essentially a single episode of criminal misconduct and that, while he elected to use consecutive sentences, his aim was to fashion a composite term appropriate for the totality of Allain's conduct. Given Judge Johnstone's remarks, it is apparent that the judge's selection of a partially suspended term on Count I and a completely suspended term on Count II was wholly fortuitous. It is further evident that Judge Johnstone deemed the total term of six years with five years suspended to be appropriate as a total sentence, regardless of whether that sentence was implemented by means of consecutive or concurrent sentences.

This is significant in terms of Allain's vindictiveness claim. Because Judge Johnstone made his views clear on the contemporaneous record of the original sentencing hearing, no appearance of vindictiveness could reasonably arise should the judge, on remand, resentence Allain on Count II to the same term he originally received on Counts I and II:

> [S]ince the basic conduct underlying [Count II] is the same [as that originally included in Counts I and II], and since that basic conduct determined the sentence, it is virtually inconceivable that the similarity of old and new sentences could reflect "vindictiveness."

*Pimienta–Redondo*, 874 F.2d at 17 (Breyer, J., concurring).

We conclude that, on remand, the judgment must be vacated as to Count I. The superior court may, however, resentence Allain to a term that does not exceed the composite sentence originally imposed in this case.

Allain separately challenges two special conditions of probation. He focuses initially on the condition requiring him to abstain from consuming alcoholic beverages. Allain argues that his misconduct in this case was not shown to have been alcohol related. For this reason, he contends that the prohibition against consuming alcoholic beverages is not reasonably related to the goal of rehabilitation. *See Roman v. State*, 570 P.2d 1235, 1240 (Alaska 1977); *Edison v. State*, 709 P.2d 510, 512 (Alaska App.1985).

The record, however, establishes that Allain is a mildly retarded twenty-one-year-old man who suffers from immaturity and has difficulty controlling anger. From the circumstances surrounding the offense in this case, it is also fair to infer that Allain has problems controlling impulsive behavior. These problems appear to be substantial, and there is no reason to suppose that Allain will have an easy task addressing them as a probationer.

While the amount of alcohol that Allain consumes does not appear to be excessive, and while the record discloses no direct link between Allain's drinking and his current offense, Allain has, by his own account, been drinking regularly since he was thirteen years old. Allain's presentence report recommended that, as a special condition of probation, Allain be required to abstain from consuming alcoholic beverages. Although Allain's counsel objected to other recommendations in the presentence report, he did not object to this proposed special condition.

Under the circumstances, Judge Johnstone could reasonably have concluded that Allain's chances for successfully addressing his problems with immaturity, anger, and impulsiveness could be enhanced by eliminating the potential distraction and complication that might be posed if Allain developed an incipient problem with alcohol abuse. The judge did not abuse his discretion in determining that the challenged special condition was reasonably related to the goal of rehabilitation.[1]

---

1. Contrary to Allain's contention in his opening brief, we find nothing in the record to support the conclusion that, in requiring Allain to obtain

appropriate counseling for alcohol abuse, Judge Johnstone contemplated that he might be forced to undergo residential treatment. Accordingly,

Allain next challenges the special condition of probation requiring him to avoid unsupervised contact with minors who are under sixteen years of age. The record, however, fully supports the appropriateness of this special condition. Moreover, Allain's trial counsel affirmatively approved of the presentence report's recommendation that the no-contact provision be included as a special condition of probation. We find no error.

Finally, Allain argues that his total sentence is excessive. He focuses primarily on the five-year suspended portion of the sentence. The sentence, however, must be viewed in its entirety; while suspended time must be considered, it is not the equivalent of unsuspended time. The total sentence of six years with five years suspended is relatively lenient for a class B felony, even when Allain's status as a youthful first offender is considered. *See State v. Jackson*, 776 P.2d 320 (Alaska App.1989). In imposing Allain's sentence, Judge Johnstone carefully considered all applicable sentencing criteria. Having independently reviewed the entire sentencing record, we cannot say that the sentence imposed below is clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The judgment is VACATED as to Count I. This case is REMANDED for resentencing on Count II.

MANNHEIMER, J., not participating.

we find no violation of *Hester v. State*, 777 P.2d    217 (Alaska App.1989).