**George W. MIYASATO, III, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–5069.**

Court of Appeals of Alaska.

March 31, 1995.

Galen S. Paine, Asst. Public Defender, Sitka, and John B. Salemi, Public Defender, Anchorage, for appellant.

Kenneth M. Rosenstein, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

MANNHEIMER, Judge.

George W. Miyasato, III, was convicted of second-degree burglary, AS 11.46.310(a). He was sentenced to 4 years' imprisonment with 1 year suspended (3 years to serve). As a condition of his incarceration and as a condition of his probation, Miyasato was ordered to undergo sex offender therapy. On appeal, Miyasato asserts that this portion of the superior court's judgement is illegal under *Roman v. State,* 570 P.2d 1235, 1240 (Alaska 1977), and *Allain v. State,* 810 P.2d 1019, 1022 (Alaska App.1991), because sex offender therapy is not reasonably related to Miyasato's rehabilitation. We affirm the superior court's order.

Miyasato was convicted in 1983 of attempted first-degree sexual assault when he broke into a woman's house at night and tried to rape her. He was sentenced to 4 years' imprisonment with 1 year suspended (3 years to serve). Miyasato was released on probation in July 1987, but his probation was revoked in February 1990 when, among other things, Miyasato admitted that he had assaulted his girlfriend.

In 1991, Miyasato was convicted of third-degree sexual assault and first-degree criminal trespass for breaking into a woman's house, then disrobing her and fondling her while she slept.

Miyasato's present conviction, his third felony, arises from an incident that occurred in Sitka on April 5, 1993. Miyasato stole a woman's purse from the back room of a flower shop. The owner of the purse saw Miyasato committing this theft, and she ran after him. She caught him and wrestled with him for control of the purse; Miyasato finally dropped the purse and ran away.

In the pre-sentence report, the Department of Corrections recommended that Miyasato be ordered to undergo sex offender treatment. Miyasato had been ordered to participate in sex offender therapy in connection with his previous offenses, but these attempts proved unsuccessful. Miyasato stopped attending the therapy sessions; when the counselors at the program tried to induce Miyasato to return, he refused—ap-

parently because he knew he was already in violation of his probation for using alcohol and drugs.

When the pre-sentence investigator again recommended sex offender treatment in connection with the present case, Miyasato's attorney objected. She argued that this condition bore no relationship to Miyasato's current offense. The prosecutor responded that, while Miyasato's present offense might be a property crime, the condition of sex offender treatment was justified by "the needs of the particular offender". Miyasato's attorney replied that this was a legally insufficient basis for imposing the therapy—that therapy could be imposed only if it bore some relation to the particular offense for which Miyasato was currently being sentenced.

Superior Court Judge Larry C. Zervos concluded that he should follow the recommendation of the pre-sentence investigator and order Miyasato to participate in sex offender therapy. Judge Zervos stated:

> [The] ... hardest question for me, quite frankly, is the condition of probation [requiring sex offender therapy]. I think that it's very clear, based on the reading of the pleadings that I have before me, that whatever those problems were that occurred in 1983 and 1990[, they] have not been addressed, [they] have not been treated.... You have attended some [therapy programs in the past], but the ultimate result was the same, you wash out of them, you quit going. And ... both reports that I have in the file that concern this problem with the sexual issue [—] the one that was [written] in 1988 says the factors indicate that George's potential to reoffend remains high. Well, that was certainly very clear in 1990; he reoffended. The [report] that was done in 1986 indicates that Miyasato ... is to be considered an extremely dangerous man at this time because of a lack of motivation, regression, extreme anger at women, and denial [of] his substance abuse. Somewhere else in these reports it indicates there's a pent-up anger against women.
>
> . . . .
>
> The record is there. All your crimes are associated with women. The first two very

> clearly, then [the assault on] the person you lived with. [The present] case is a little problematic. The target was a woman. I'm not sure if the purse was the target or [if] the woman was the target. I don't know. Obviously the purse is what you were after, and the woman was the one that got pushed down. What disturbs me is that I'm not so sure that this—I can't tell whether this offense is connected with this problem with women or not. I just don't know. Certainly on the surface it's not. If we took a little time to go underneath it, it may be, but I don't know. What I do know though is that I think it's important for your rehabilitation, if there's going to be any hope for that, that you get some treatment for whatever this problem is.
>
> . . . .
>
> [T]he conditions of rehabilitative probation are designed to address the offense that's been committed, but [they are] also designed to address the offender and that offender's rehabilitation. To me, until this anger or whatever this problem is that you have is addressed, ... your chances for rehabilitation are lessened. But, more importantly, ... the chances of some [crime] being committed against some woman out there, some assault or some other problem, are heightened. Therefore, ... I will [order] that you receive sex offender treatment and therapy.

On appeal, Miyasato renews his challenge to the requirement that he attend sex offender therapy. Miyasato's argument is premised on the fact that, in the present case, he was convicted of a property offense, not a sexual assault. Because his present offense was a property crime, Miyasato claims that sex offender treatment bears no relationship to his offense or to the likelihood that he would again commit an offense of this kind.

 Conditions of probation "must be reasonably related to the rehabilitation of the offender and the protection of the public", and they "must not be unduly restrictive of [the probationer's] liberty". *Roman v. State*, 570 P.2d 1235, 1240 (Alaska 1977). Nevertheless, a condition of probation need not directly relate to the offense for which the

defendant stands convicted. In *Allain v. State*, 810 P.2d 1019 (Alaska App.1991), this court upheld a probation condition that forbade the defendant from drinking alcoholic beverages, even though the defendant's offense was not alcohol-related. *Allain*, 810 P.2d at 1022–23. This court upheld the condition because it enhanced the defendant's prospects for rehabilitation:

> The record … establishes that Allain … suffers from immaturity and has difficulty controlling anger. From the circumstances surrounding the offense in this case, it is also fair to infer that Allain has problems controlling impulsive behavior. These problems appear to be substantial, and there is no reason to suppose that Allain will have an easy task addressing them as a probationer.
>
> While the amount of alcohol that Allain consumes does not appear to be excessive, and while the record discloses no direct link between Allain's drinking and his current offense, … under the circumstances, [the sentencing judge] could reasonably have concluded that Allain's chances for successfully addressing his problems with immaturity, anger, and impulsiveness could be enhanced by eliminating the potential distraction and complication that might be posed if Allain developed an incipient problem with alcohol abuse. The judge did not abuse his discretion in determining that the challenged special condition [of probation] was reasonably related to the goal of rehabilitation.

*Allain*, 810 P.2d at 1022 (footnote omitted).

Evaluated in light of *Allain*, the record in Miyasato's case supports Judge Zervos's decision to order Miyasato to undergo sex offender therapy. While Miyasato's present offense may not have been directly related to his misogyny, Miyasato's past record provides ample basis for Judge Zervos to conclude that sex offender treatment was integrally related to Miyasato's rehabilitation and to the future protection of the public.

The judgement of the superior court is AFFIRMED.