Joshua D. LAMBERT, Appellant,

v.

STATE of Alaska, Appellee.

No. A–9665.

Court of Appeals of Alaska.

Dec. 21, 2007.

Suzanne Rapoza, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Timothy W. Terrell, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

COATS, Chief Judge.

In *Roman v. State*,[1] the Alaska Supreme Court stated that, to be valid, parole and probation conditions[2] "must be reasonably related to the rehabilitation of the offender and the protection of the public and must not be unduly restrictive of liberty."[3]

Joshua D. Lambert contends that the superior court erred in imposing three special conditions of probation that: (1) require he obtain a substance abuse evaluation;[4] (2) prohibit him from using or possessing alcohol or illegal controlled substances, and require that he submit to testing for those sub-

---

1. 570 P.2d 1235 (Alaska 1977).

2. *Id.* at 1237 n. 3 (no valid reason to further complicate the law by distinguishing between probationers and parolees).

3. *Id.* at 1240.

4. Special Condition of Probation No. 7: "The defendant shall obtain a substance abuse evaluation from an approved substance abuse provider within thirty (30) days of his release from incarceration and make the results of the evaluation available to his probation or parole officer."

stances;[5] and (3) require him to actively participate in and successfully complete an approved substance abuse program if recommended by the evaluation and directed to do so by his probation officer.[6] Lambert also objects to General Condition of Probation No. 12, which requires Lambert to submit, at the request of his probation officer, to a search of his "person, personal property, residence or any vehicle in which [he] may be found for the presence of contraband."[7]

We conclude that the three special conditions of probation are valid under the *Roman* test. But we conclude that General Condition of Probation No. 12—authorizing searches for contraband—is overly broad.

*Factual and procedural background*

On September 6, 2005, Kodiak Police Lieutenant Ray Ellis was advised by radio dispatch that a 911 call had been received regarding an assault in progress. Lieutenant Ellis responded to the scene and contacted Danny Ingram. Ingram was bleeding severely from his head. He told Lieutenant Ellis that he had been assaulted by two males who struck him with rocks. Lieutenant Ellis contacted five eyewitnesses to the assault who described Lambert and Edward T. Taualo as the perpetrators. The police apprehended Taualo a short distance from the assault. Taualo later confessed that he met Lambert at a local bar where he (Taualo) was drinking. According to Taualo, Lambert recruited him at the bar to assault Ingram, claiming that Ingram sexually assaulted Lambert's ex-girlfriend. Investigation by the police revealed Ingram had not sexually assaulted Lambert's ex-girlfriend,

nor had he ever engaged in any sexual contact with her.

Both Lambert and Taualo were charged with assault in the first degree[8] and attempted murder in the first degree.[9] The Grand Jury for the Third Judicial District at Kodiak indicted Lambert and Taualo for assault in the first degree, but found "not a true bill" for the charge of attempted murder in the first degree.

On December 7, 2005, Superior Court Judge Joel H. Bolger accepted Lambert's plea of no contest to the lesser offense of assault in the third degree.[10] On March 9, 2006, Judge Bolger presided over Lambert's sentencing hearing. He sentenced Lambert to 60 months of imprisonment with 30 months suspended, and he imposed thirteen general conditions of probation and nine special conditions of probation.

Following his sentencing, Lambert filed a motion in which he sought to have the court remove four conditions of probation (Special Conditions of Probation Nos. 7, 8, and 9; General Condition of Probation No. 12). Lambert argued that these conditions of probation violated the Alaska Supreme Court's requirement from *Roman* that there be a direct relationship between the probation condition and the crime for which the probationer was convicted.[11] Judge Bolger denied Lambert's motion, concluding that the disputed conditions were "necessary both to further Lambert's rehabilitation and for the protection of the public." Lambert appeals this decision.

---

**5.** Special Condition of Probation No. 8: "The defendant shall not use, possess, consume, ingest or have in any of [his] bodily fluids any alcoholic beverages or illegal controlled substances, including marijuana. The defendant is to submit to urine or blood samples to test for use of controlled substances and/or alcohol when required by the probation or parole officer."

**6.** Special Condition of Probation No. 9: "The defendant shall actively participate in and successfully complete an approved substance abuse program if recommended by evaluation, which may include a residential treatment program of up to thirty (30) days, at the direction of the probation or parole officer. The defendant shall

not discontinue treatment without the prior written approval of [his] probation or parole officer."

**7.** General Condition of Probation No. 12: "Upon the request of a probation officer, submit to a search of your person, personal property, residence or any vehicle in which you may be found for the presence of contraband."

**8.** AS 11.41.200(a)(1) and AS 11.16.110.

**9.** AS 11.41.100(a)(1)(A) and AS 11.31.100.

**10.** AS 11.41.220(a)(1)(B).

**11.** *Roman,* 570 P.2d at 1243.

*Why we uphold Judge Bolger's refusal to modify Lambert's special conditions of probation*

In *Roman,* the court stated that a sentencing judge should not require a parolee or probationer to submit to warrantless searches "unless there is a direct relationship of the searches to the nature of the crime for which the parolee was convicted." [12] Less than two years after deciding *Roman,* in *Sprague v. State,* [13] the court invalidated a probation condition that required the defendant to submit to searches for drugs when his underlying conviction was for burglary. [14] Although Sprague admitted to a history of drug use and "drug contacts," [15] the court struck the condition because it determined that upholding the probation condition would, in effect, "be opening up virtually all classes of offenders to warrantless searches on less than probable cause." [16] The court did note, however, that a condition of probation requiring Sprague to submit to searches for stolen goods would be appropriate. [17]

This court has decided several cases interpreting *Roman.* For example, in *Allain v. State,* [18] Allain argued that a probation condition that prohibited him from consuming alcoholic beverages was not reasonably related to the goal of rehabilitation because the misconduct in his current case was not shown to have been alcohol related. [19] We acknowledged that the record "disclose[d] no direct link between Allain's drinking and his current offense." [20] But we upheld the probation condition because our review of the record convinced us that the sentencing judge "could reasonably have concluded that Allain's chances for successfully addressing his problems with immaturity, anger, and impulsiveness could be enhanced by eliminating the potential distraction and complication that might be posed if Allain developed an incipient problem with alcohol abuse." [21]

In *Miyasato v. State,* [22] Miyasato asserted that a condition of probation that required him to undergo sex offender therapy was not reasonably related to his rehabilitation for second-degree burglary. [23] Miyasato's argument was premised on the fact that his conviction was for a property offense, not a sexual assault. [24] We held that "a condition of probation need not directly relate to the offense for which the defendant stands convicted," [25] so long as it is "reasonably related to the rehabilitation of the offender and the protection of the public" [26] and not "unduly restrictive of [the probationer's] liberty." [27] Miyasato had a past record of attempted first-degree sexual assault, third-degree sexual assault, and first-degree criminal trespass. [28] Therefore, we found "ample basis for [the superior court judge] to conclude that sex offender treatment was integrally related to Miyasato's rehabilitation and to the future protection of the public." [29]

In *State v. Thomas,* [30] Thomas was subjected to a probation condition that required him to submit to warrantless searches for controlled substances. [31] When one such search uncovered cocaine in Thomas's wallet, he asserted the cocaine should be suppressed.

12. *Id.* at 1242–43.

13. 590 P.2d 410 (Alaska 1979).

14. *Id.* at 418.

15. *Id.* at 418 & n. 26.

16. *Id.* at 418.

17. *Id.*

18. 810 P.2d 1019 (Alaska App.1991).

19. *Id.* at 1022.

20. *Id.*

21. *Id.*

22. 892 P.2d 200 (Alaska App.1995).

23. *Id.* at 200.

24. *Id.* at 201.

25. *Id.* at 201–02.

26. *Id.* at 201 (quoting *Roman,* 570 P.2d at 1240).

27. *Id.* (quoting *Roman,* 570 P.2d at 1240).

28. *Id.* at 200.

29. *Id.* at 202.

30. 133 P.3d 684 (Alaska App.2005).

31. *Id.* at 684.

Thomas argued that the sentencing judge lacked a proper basis for imposing such a probation condition because Thomas's prior convictions were for first-degree vehicle theft and for driving while intoxicated after consuming alcohol (not drugs).[32] The superior court judge agreed with Thomas; the judge struck the condition of probation and suppressed the cocaine.[33] We reversed, finding that Thomas's history of drug use made it "reasonable for [the sentencing judge] to conclude that a condition of probation allowing drug searches would further both Thomas's rehabilitation and the protection of the public." [34]

■ Interpreting the supreme court's invalidation of the similar condition in *Sprague*, we observed:

[T]he [supreme] court did not base its ruling on the fact that the elements of burglary do not require proof of drug possession or drug use. Instead, the court employed a broader test. The court declared that Sprague's condition of probation was invalid because (1) Sprague was not convicted of a drug offense, *and* (2) there was no showing that Sprague was addicted to drugs, or that he had committed the burglary in order to obtain money to buy drugs. In other words, the supreme court's explanation of its decision in *Sprague* demonstrates that the reference in *Roman* to the "nature of the [defendant's] crime" encompasses more than simply the elements of that crime. Rather, the supreme court meant to authorize conditions of probation that addressed the causes of, or the motivations for, the defendant's criminal behavior. The true test is the alternative formulation contained in the *Roman* opinion itself: a condition of probation must be "reasonably related to the rehabilitation of the offender and the protection of the public[,] and must not be unduly restrictive of [the offender's] liberty." [35]

Therefore, so long as a condition of probation is reasonably related to the defendant's reha-

bilitation and is not unduly restrictive, it meets the *Roman* requirement.

■ We turn now to Special Conditions 7, 8, and 9. Special Condition No. 7 required Lambert to "obtain a substance abuse evaluation from an approved substance abuse provider within thirty (30) days of his release from incarceration and make the results of the evaluation available to his probation or parole officer." Special Condition No. 8 required Lambert to not use or possess "any alcoholic beverages or illegal substances, including marijuana." Special Condition No. 8 also required Lambert, if required by his probation officer, to submit to testing for alcohol or controlled substances. Special Condition No. 9 required Lambert to "actively participate in and successfully complete an approved substance abuse program" if such a program was recommended by a treatment evaluation and directed by his probation or parole officer. Special Condition No. 9 also stated that Lambert could not discontinue treatment without prior written approval from his probation or parole officer. Lambert was subject to serving up to 30 days in a residential treatment program.

In his order denying Lambert's motion to modify the conditions of probation, Judge Bolger found that Lambert had a history of substance abuse and that the facts of his current offense supported the conditions of probation. Judge Bolger pointed out that Lambert had three prior felony convictions, including a conviction in 2002 for possession of methamphetamine. He also noted that in 2003, Lambert was convicted for driving under the influence of alcohol and his conditions of probation included alcohol screening. And in the present case, Lambert recruited his codefendant in a bar. Judge Bolger concluded that:

Lambert's history of criminal convictions establishes that he has serious and unresolved problems with substance abuse. And the bizarre facts of the present offense suggest that alcohol also played a

---

32. *Id.*

33. *Id.*

34. *Id.* at 686.

35. *Id.* at 685 (internal footnotes and citations omitted).

role in this assault. The disputed conditions are therefore necessary both to further Lambert's rehabilitation and for the protection of the public.

We conclude that Judge Bolger's case-specific findings support the special conditions of probation under the *Roman* test.

*Why we conclude that Judge Bolger's findings do not support the condition of probation authorizing broad searches for contraband*

■ General Condition of Probation No. 12, which appears to be a standard condition of probation that may appear in many judgments, requires Lambert to "submit to a search of [his] person, personal property, residence or any vehicle in which [he] may be found for the presence of contraband upon the request of a probation officer."

General Condition No. 12 authorizes a search for any type of "contraband." Lambert argues, and the State essentially concedes, that contraband "could include stolen property[,] ... weapons, burglar[y] tools, counterfeit mon[ey], photographs, videotapes, illegally imported produce, eagle feathers[,] and even illegal immigrants."

In *Marunich v. State*,[36] we stated that "[u]nder Alaska law, a sentencing court must expressly authorize, and must find a case-specific basis for, any condition of probation that requires the probationer to submit to warrantless searches for drugs, weapons, or other items."[37]

We conclude that the trial court made case-specific findings for imposing the special conditions of probation directed at Lambert's alcohol and substance abuse. But the trial court did not justify imposing the broad general condition of probation authorizing searches for contraband other than controlled substances. We direct the superior court to limit General Condition No. 12 of probation to searches for alcohol or controlled substances.

**36.** 151 P.3d 510 (Alaska App.2006).

AFFIRMED in part, REVERSED in part, and REMANDED.

**37.** *Id.* at 517 (citing *Roman,* 570 P.2d at 1243; *Thomas,* 133 P.3d at 685).