## Commonwealth *vs.* Scott Gomes.

No. 07-P-1965.

Suffolk. November 14, 2008. - March 23, 2009.

Present: Duffly, Katzmann, & Wolohojian, JJ.

*Practice, Criminal,* Probation, Sentence. *Constitutional Law,* Sentence. *Due Process of Law,* Sentence.

This court remanded a criminal matter to the trial court for a determination whether a probationary condition that the defendant submit to random drug and alcohol testing was reasonably related to recognized probationary goals for this particular defendant, whose offenses did not involve drugs or alcohol; who, at the time of sentencing (and during the subsequent period of probation), was (and would be) below the legal drinking age; and who apparently had no history of ever using drugs or alcohol. [858-861]

Complaint received and sworn to in the Dorchester Division of the Boston Municipal Court Department on April 25, 2007.

After transfer to the Central Division of the Boston Municipal Court Department, the case was heard by *Thomas C. Horgan,* J.

*Ryan M. Schiff* for the defendant.

*Paul B. Linn,* Assistant District Attorney, for the Commonwealth.

Wolohojian, J. As part of a sentence imposed for various firearm offenses,[1] the defendant received a period of probation

---

[1] The defendant was convicted of carrying a firearm without a license, in violation of G. L. c. 269, § 10(*a*); possessing a firearm without a firearm identification card, in violation of G. L. c. 269, § 10(*h*)(1); and carrying a loaded firearm, in violation of G. L. c. 269, § 10(*n*). On the charges of carrying a firearm without a license and possession of a firearm without a firearm identification card, the defendant was sentenced to eighteen months in the house of correction. On the charge of carrying a loaded firearm, the defendant was sentenced to a term of "supervised probation" and ordered, among other things, to "abstain from alcohol and drugs — random testing." The entry does not specify whether the testing was for drugs, alcohol, or both. However, nothing turns on whether the testing was for one, either, or both substances.

during which, among other things, he was required to abstain from drugs and alcohol and to undergo random testing. At the time of sentencing (and during the subsequent period of probation), the defendant was (and would be) below the legal drinking age.[2] There was no indication that he had ever used drugs or alcohol. Neither drugs nor alcohol were implicated in the offenses, and the defendant had no criminal history involving drugs or alcohol. On appeal, the defendant challenges the probationary condition that he submit to random drug and alcohol testing; he does not challenge the condition that he abstain from alcohol and drugs.[3] The issue was not preserved below; we, accordingly, review to determine whether an error occurred and, if so, whether it created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Simmons*, 448 Mass. 687, 690-691 (2007) (unpreserved claim of error in sentencing is to be reviewed using the substantial risk analysis).

General Laws c. 276, § 87, as amended by St. 1974, c. 614, permits a trial court to "place on probation . . . any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper . . . after a finding or verdict of guilty." The primary goals of probation are rehabilitation of the probationer and protection of the public. *Commonwealth* v. *LaFrance*, 402 Mass. 789, 795 (1988), citing *State* v. *Griffin*, 131 Wis. 2d 41, 65 (1986) (Abrahamson, J., dissenting), aff'd, 483 U.S. 868 (1987). "Other recognized goals of probation include punishment, deterrence, and retribution." *Commonwealth* v. *Power*, 420 Mass. 410, 415 (1995), cert. denied, 516

---

[2] He was not, however, a juvenile, and accordingly, whatever parens patriae considerations might exist in a case involving a juvenile are not present here.

[3] The defendant also argues that his motion to suppress should have been allowed because the evidence did not show that the police officer had a reasonable belief that his safety was in danger when he ordered the defendant from the car in which he was a passenger. See *Commonwealth* v. *Gonsalves*, 429 Mass. 658, 662 (1999). As the officer approached the car, he observed what appeared to be a bulletproof vest hanging on the rear of the defendant's seat. In addition, the defendant made furtive movements as the officer approached, he was nervous and sweating, and he refused to make eye contact. The defendant leaned forward and away from the window as the officer approached, pinning his arm against his side while leaning on the center console. On these facts, the judge did not err in concluding that the officer had a reasonable belief that his safety, or that of others, was in danger when he ordered the defendant from the car.

U.S. 1042 (1996). The goals of probation "are best served if the conditions of probation are tailored to address the particular characteristics of the defendant and the crime."[4] *Commonwealth v. Pike*, 428 Mass. 393, 403 (1998).

A judge's latitude in sentencing is great but not infinite. Random drug and alcohol testing constitutes a search and seizure for constitutional purposes under art. 14 of the Massachusetts Declaration of Rights. *Horsemen's Benevolent & Protective Assn. v. State Racing Commn.*, 403 Mass. 692, 699 (1989). Although a probationary condition is not necessarily invalid simply because it affects constitutional rights, the condition must be reasonably related to legitimate probationary goals in order to withstand constitutional scrutiny. *Commonwealth v. Power*, 420 Mass. at 416-417 ("As long as the condition meets the 'reasonably related' test, it is not per se unconstitutional even if it restricts a probationer's fundamental rights"). *Commonwealth v. Lapointe*, 435 Mass. 455, 459 (2001). See *Commonwealth v. LaFrance*, 402 Mass. at 793-796 (condition of probation permitting warrantless searches of the defendant and her possessions held to be unconstitutional in the absence of reasonable suspicion that probation had been violated). Ordering a defendant to submit to random drug or alcohol testing as a condition of probation, therefore, is not permissible unless it is reasonably related to one or more of the goals of probation: punishment, deterrence, retribution, protection of the public, or rehabilitation. This is a fact-intensive inquiry, dependent on the circumstances and characteristics of the particular defendant and his offenses. In this case, there is no evidence that the defendant had ever used drugs or alcohol, and the defendant's offenses did not involve drugs or alcohol. In these circumstances, requiring the defendant to submit to random testing, as a matter of law, is not reasonably related to any recognized probationary goal.[5] An impermissible probationary condition (particularly one

---

[4]The American Bar Association standards relating to sentencing state that special probationary conditions should promote the defendant's future compliance with the law, should not be unduly restrictive of the defendant's liberty or autonomy, and should not be so vague as to fail to give the defendant any real guidance. ABA Standards for Criminal Justice, Sentencing § 18-3.13(c)(i), (ii) (3d ed. 1994).

[5]We need not and do not consider the various possible scenarios in which random drug or alcohol testing might be reasonably related to probationary goals so as to make random testing appropriate.

carrying constitutional implications) is akin to an illegal sentence. Where, in addition, as here, the impermissible probationary condition requires a defendant to submit to a search and seizure without justification, a substantial risk of a miscarriage of justice results.

We note that our conclusion in this regard is consistent with the vast majority of courts in other jurisdictions that have considered the issue. See *United States* v. *Prendergast*, 979 F.2d 1289, 1293 (8th Cir. 1992) (a special condition imposed on a wire fraud defendant prohibiting him from purchasing, possessing, and using alcohol, and subjecting him to warrantless searches for alcohol and drugs at any time, was an abuse of discretion where there was no evidence that the defendant suffered from alcoholism, that alcohol contributed to the defendant's criminal act, or that proceeds of the crime were used for drug activity); *United States* v. *Stoural*, 990 F.2d 372 (8th Cir. 1993) (probationary conditions prohibiting the purchase, possession, and use of alcohol and subjecting defendant to warrantless searches for drugs and alcohol were not reasonably related to the defendant's conviction of conversion of collateral pledged to the Farmers Home Administration); *People* v. *Keller*, 76 Cal. App. 3d 827, 838-839 (1978) (drug testing unreasonable where the defendant was convicted of petty theft and no showing of drug use); *People* v. *Burton*, 117 Cal. App. 3d 382, 390 (1981) (condition prohibiting using intoxicants and visiting places that sell intoxicants struck down because it was unrelated to the defendant's conviction); *Brown* v. *State*, 679 So. 2d 367 (Fla. Dist. Ct. App. 1996) (conditions of probation requiring the defendant to undergo testing invalid since not related to the crime committed or the rehabilitation of the defendant).[6,7]

---

[6]See also *United States* v. *Bass*, 121 F.3d 1218, 1223-1224 (8th Cir. 1997) (special condition prohibiting obtaining or consuming alcohol and subjecting the defendant to random testing held invalid even though the defendant was convicted of conspiring to distribute and possessing with intent to distribute "crack" cocaine); *United States* v. *Modena*, 302 F.3d 626, 636-637 (6th Cir. 2002), cert. denied, 537 U.S. 1145 (2003) (special condition requiring testing and treatment for drug and alcohol abuse was not reasonably related to the defendant's conviction of tax evasion where neither drugs nor alcohol played a role in the crime); *People* v. *Kiddoo*, 225 Cal. App. 3d 922, 927-928 (1990) (invalidating condition that barred drug offender from possessing or consuming alcohol or frequenting places where alcohol is sold where nothing in record indicated alcohol was related to underlying crime); *Biller* v. *State*, 618

Commonwealth *v.* Gomes.

On remand, unless the Commonwealth can demonstrate that random testing is reasonably related to recognized probationary goals for this particular defendant, the judge will revise the probationary conditions in accordance with this opinion. The judgment is otherwise affirmed.

*So ordered.*

So. 2d 734, 735 (Fla. 1993) (invalidating a probationary condition prohibiting the use or possession of alcohol for a weapons offender when there was no evidence that the offense involved alcohol or that the offender had alcohol problem); *Stonebraker* v. *State*, 594 So. 2d 351 (Fla. Dist. Ct. App. 1992) (striking a probation condition that barred the defendant, convicted of grand theft, from drinking alcohol or frequenting places where alcohol is sold); *Hernandez* v. *State*, 626 So. 2d 1011 (Fla. Dist. Ct. App. 1993) (probation condition restricting the use of alcohol struck because it was unrelated to the conviction of attempted sexual battery of a minor). Compare *Lambert* v. *State*, 172 P.3d 838, 841-842 (Alaska Ct. App. 2007) (random testing valid where the defendant had a history of substance abuse and three prior felony convictions, including a drug possession conviction); *State* v. *Fetterhoff*, 739 S.W.2d 573, 576-577 (Mo. Ct. App. 1987) (condition of refraining from alcohol and submitting to random testing was upheld where the defendant was convicted of driving while intoxicated); *State* v. *McCoy*, 45 N.C. App. 686, 690 (1980) (where the defendant was convicted of two controlled substance violations, and had two previous controlled substance convictions, the condition of submitting to random drug testing held valid); *State* v. *McAuliffe*, 125 P.3d 276, 282 (Wyo. 2005) (random drug testing was reasonable where the defendant was convicted of possession of a controlled substance).

[7]We are unpersuaded by those decisions that have upheld random testing conditions in the absence of evidence tying drug or alcohol use to the defendant or his crime in some way. Most of those cases contain little or no analysis to support their conclusion. See *United States* v. *Carter*, 159 F.3d 397, 401 (9th Cir. 1998) (upholding a supervised release condition requiring the offender to abstain from alcohol and drugs, though there was no proof the crime was related to use); *Isaacs* v. *State*, 351 So. 2d 359, 360 (Fla. Dist. Ct. App. 1977) (holding without discussion that testing not unreasonable where the defendant was convicted of breaking and entering); *Smith* v. *State*, 250 Ga. 438, 439 (1983) (random testing upheld without any discussion of prior use where the defendant was convicted of burglary); *State* v. *Welsh*, 853 S.W.2d 466, 469-470 (Mo. Ct. App. 1993) (upholding a probation condition that the defendant, who had been convicted of driving in a careless manner, take an alcohol program despite the defendant's claim that there was no alcohol involved in his case and that he had no need of such a program); *Clay* v. *State*, 710 S.W.2d 119, 120 (Tex. Ct. App. 1986) (upholding weekly urine testing as a condition of probation where the defendant was convicted of theft).