Following a jury trial in the Superior Court, the defendant, Cristian Castro Lainez, was convicted of voluntary manslaughter, unlawful possession of a firearm, unlawful possession of a loaded firearm, and wilfully misleading a police officer who was furthering a criminal investigation. The sole issue on appeal is whether the judge erred by requiring the defendant to remain drug and alcohol free, and be subject to random screens, as a condition of probation. We affirm.
After trial, the judge imposed a sentence, in relevant part, of twelve to fifteen years in State prison on the voluntary manslaughter conviction, and ten years of probation on the misleading a police officer conviction, to be served from and after the sentence on the manslaughter conviction. Among other conditions, the judge ordered the defendant "not to ingest any drugs or alcohol, with random screens, for the entire pendency of that ten-year probation sentence." Defense counsel subsequently asked the judge "to not include those conditions" because drugs and alcohol did not play a role in this case as far as the defendant was concerned. The judge responded as follows: "I was looking at the record and the convictions that he had and the overall facts of this case when I decided to impose that condition, which I will do so in the discretion of the probation department."
"Judges are permitted 'great latitude' in imposing conditions of probation" (citation omitted). Commonwealth v. Pike, 428 Mass. 393, 402 (1998). "A probation condition is enforceable, even if it infringes on a defendant's ability to exercise constitutionally protected rights,[2 ] so long as the condition is 'reasonably related' to the goals of sentencing and probation." Commonwealth v. Lapointe, 435 Mass. 455, 459 (2001), quoting Pike, supra at 403. The Supreme Judicial Court "has named rehabilitation of the probationer and protection of the public as the principal goals of probation. Other goals of probation include punishment, deterrence, and retribution. These goals are best served if the conditions of probation are tailored to address the particular characteristics of the defendant and the crime" (citations omitted). Pike, supra.
On appeal, the defendant contends that special conditions of probation requiring random drug screens and abstention from lawful drugs and alcohol "may be imposed only where there is a connection between use of drugs or alcohol and the defendant's criminal behavior or propensities." He maintains that where drugs and alcohol played no role in the present case, and where "there is no indication that he has a substance abuse problem, the drug-related probation conditions imposed upon him are impermissible."
The Commonwealth responds that the special conditions were reasonably related to the goals of sentencing and probation for two reasons. First, the defendant does have a significant substance abuse history as detailed in the defendant's presentencing memorandum. Indeed, in that memorandum, under the heading, "Substance Abuse, Mental Health, and Criminal History," there are multiple references to the defendant's substance abuse history, including his history of "experimenting with alcohol and marijuana," consumption of marijuana and alcohol at the time the defendant "began to act out at school and at home," criminal history involving drug sales including convictions of possession with intent to distribute and distribution of marijuana, and problems involving the use of alcohol and marijuana. Thus, the defendant's substance abuse history was presented by the defense as a purported mitigating factor for sentencing purposes. Second, the Commonwealth notes that there was evidence adduced at trial involving the defendant's consumption of a shot of alcohol and a beer around the time of the events at issue.
Having framed the parties' arguments, we return to the judge's decision to "impose that condition [of abstention from drugs and alcohol and random drug screens] ... in the discretion of the probation department." In the particular circumstances of this case, the judge imposed the conditions, but implicitly acknowledged, in accordance with principle no. 13 of Superior Court Working Group on Sentencing Best Practices, Criminal Sentencing in the Superior Court: Best Practices for Individualized Evidence-Based Sentencing (Mar. 2016) (Superior Court Best Practices for Sentencing), that there should be an assessment conducted by the probation department "upon the commencement of" the term of probation to determine whether the requirement that the defendant refrain from alcohol and drugs and submit to random alcohol and drug testing should be a special condition of probation.[3] See Commonwealth v. Henry, 475 Mass. 117, 124 (2016) (citing Superior Court Best Practices for Sentencing in analyzing restitution requirement as condition of probation). Here, consistent with principle no. 13, if the probation department determines, based on an updated risk/needs assessment, that the special conditions should be required, the conditions shall be imposed.[4] At that point, if the defendant wishes to challenge the propriety of the condition, his remedy would be to file a motion to alter or revise conditions of probation.
In short, under the particular circumstances of this case, it is premature to reach the question urged by the defendant because a probation department assessment should take place before the defendant is required to abide by the challenged conditions.
Judgments affirmed.

We have held that "[r]andom drug and alcohol testing constitutes a search and seizure for constitutional purposes under art. 14 of the Massachusetts Declaration of Rights." Commonwealth v. Gomes, 73 Mass. App. Ct. 857, 859 (2009). The defendant does not cite any Massachusetts authority for the proposition that alcohol or drug consumption is a constitutionally protected right, nor are we aware of any such Massachusetts authority.

Principle no. 13 of the Superior Court Best Practices for Sentencing states:
"The Probation Service should conduct a risk/needs assessment upon the commencement of a from-and-after term of probation and bring the case before the Court where there is a material change in the criminogenic needs of the probationer. The Court should consider whether materially changed circumstances since the time of sentencing warrant modification of special conditions to reflect the probationer's current criminogenic needs, provided, however, that the Court may not impose any additional punitive condition in the absence of a finding of a violation of any condition of probation."

By contrast, if the probation department "determines, based on an updated risk/needs assessment, that conditions that were part of the original probationary order are no longer necessary, or that different conditions may be necessary, the case should be brought before [the] judge who will determine whether there is a 'material change in circumstances' that warrants a change in conditions." Superior Court Best Practices for Sentencing Principle No. 13 Commentary, at 20.